(No. 34535.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN R. SCHLENGER, Plaintiff in Error.

*Opinion filed January 24, 1958.*

PAUL E. THURLOW, of Joliet, for plaintiff in error.

LATHAM CASTLE, Attorney General, of Springfield, (FRED G. LEACH, and WILLIAM H. SOUTH, of counsel,) for the People.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

On April 9, 1952, in the circuit court of Lake County, John R. Schlenger entered a plea of guilty to an indictment containing two counts, the first charging armed robbery, the second grand larceny. He was sentenced to the Illinois Penitentiary for a term of 5 to 15 years on the armed robbery count, and was given a sentence of 5 to 10 years on the grand larceny charge, to run concurrently with the first sentence.

In this case the plaintiff in error in the first count was charged with the crime of armed robbery against Aldo Biagi, on March 30, 1952, and the amount of money alleged to have been taken was $200. The second count pertained to the same taking of the same amount of money from the same person on the same date.

On this review, plaintiff in error seeks to have the second sentence reversed, on the theory that only one crime was committed, namely that of armed robbery and that the sentence for the crime of grand larceny was void. Although the sentence ran concurrently, it is argued on behalf of plaintiff in error that the second sentence is prejudicial because it might operate to his disadvantage before the parole and pardon board when and if he ever made an application for parole.

The State relies upon several pronouncements of this court wherein it has been held that in indictments charging separately, burglary and larceny, they are separate and distinct offenses and that separate sentences are appropriate. *People* v. *Fitzgerald,* 297 Ill. 264; *People* v. *McMullen,* 400 Ill. 253; *People* v. *Griffin,* 402 Ill. 247; *People* v. *Stingley,* 414 Ill. 398.

In the *Fitzgerald case* the defendant was charged in 8 counts with the burglarizing of a freight car of the Chicago and North Western Railroad Company, with intent to steal property of the railway company, also the property of the Firestone Tire & Rubber Co. The jury returned two verdicts, one finding defendant guilty of burglary in the manner and form as charged in the indictment, the second finding him guilty of larceny. Sentences were pronounced on each verdict.

On review it was claimed that no judgment should be entered upon the two verdicts which contained a finding of guilty of two separate offences, punishable in a different manner, and that two verdicts cannot be merged into one judgment. In rejecting this contention, the court made several observations: first, if the crimes described are separate and distinct felonies, they cannot be joined in the same indictment; second, that the crimes of burglary and larceny therein were related to a single transaction and, therefore, could be charged not only in separate counts of one indictment but in the same count; third, that in a general verdict of guilty where crimes growing out of the same transaction are charged in separate counts, the logical effect of the verdict is that defendant is guilty as charged in each count; fourth, that in the event a jury returns a verdict of guilty on two or more counts where the offences grew out of the same transaction, it has the same effect as a general verdict of guilty and the court said: "Whether this verdict is one general verdict or two separate verdicts

is of no consequence in a case such as this. Having been found guilty of burglary their commitment under the Indeterminate Sentence act is for a period of from one to twenty years, and their commitment for larceny, which is for from one to ten years, necessarily runs concurrently, as both offences are but one transaction."

*People* v. *McMullen,* 400 Ill. 253, is another burglary and larceny case where two verdicts were returned and two sentences imposed. In sustaining the second sentence, the court said that inasmuch as the two offences grew out of the same transaction, the latter must run concurrently and is therefore not prejudicial. The only area of disagreement between the State and plaintiff in error here is the *non sequitur* of the proposition that because a sentence is required to run concurrently, it necessarily is not prejudicial.

Applying the rationale found in the foregoing cases to the facts before us, we would find the sentence on the first count is the one that controls, that armed robbery necessarily involves an unlawful taking, that the second sentence for larceny is unnecessary, superfluous and *must* be made to run concurrently with the first sentence and is therefore not prejudicial. The plaintiff in error argues however that he is prejudiced; that his application for parole that will be filed at an appropriate time may be adversely affected by the second sentence; that the rules and regulations of the pardon and parole board indicate such a possibility; and that this court can properly take judicial notice of those rules. The prosecution counters with the suggestion that this court is not concerned with the parole problems of the plaintiff in error, and that pardons and paroles are functions of the executive branch of our government.

This court has never had occasion to pass upon this precise question. In Indiana we find several decisions where a problem similar to the one presented here was cogently discussed. In the case of *Carter* v. *State,* 229 Ind. 205, 96 N.E.2d 274, there were three counts separately charging

robbery while armed, robbery, and automobile banditry. The jury returned a verdict finding defendant guilty on the first two counts, whereupon he was given separate sentences to run concurrently. We subscribe to the thinking of Indiana's tribunal found in this language: "The sole question presented is whether or not error was committed in entering judgment on the first and second counts of the affidavit. Appellant contends that robbery is contained in the offense of robbery while armed with a deadly weapon, and that he should have been found guilty and sentenced on the first count only. In the case of *Kokenes* v. *State* (1938), 213 Ind. 476, 479, 480, 13 N.E. 2d 524, 525, 526, robbery while armed and robbery were charged in separate counts arising out of the identical robbery. There was a verdict of guilty upon both counts, and judgment and sentence followed upon both counts. This court said: 'It does not follow, however, that a defendant may be convicted for committing a robbery and committing a robbery while armed, where the same identical robbery is involved. * * * The offenses here involved are in the same category. The same robbery is involved in both, but in one the offense is aggravated by the fact that the defendant was armed with a deadly weapon. If the robbery be established, but it is not proven that he was armed, there should be a conviction for robbery. If the robbery is established and that he was armed, there should be a conviction under the statute in question. Guilt under the latter necessarily implies that the defendant is guilty of the robbery. The judgment should have been for the greater offense. The court entered judgment and sentenced the defendant under both counts; the sentences to run concurrently, however. This was error.' * * * Appellant's right to parole could also be affected. Therefore it is prejudicial error. The judgment as to robbery while armed with a deadly weapon is affirmed. The judgment as to robbery is reversed." *Steffler* v. *State,* 230 Ind. 557, 104 N.E.2d 729, reached the same result.

We are of the opinion, therefore, that the judgment entered on the second count should be reversed.

*Judgment on first count affirmed.*
*Judgment on second count reversed.*