**People of the State of Illinois, Plaintiff-Appellee,
v. Donald G. Stewart, Defendant-Appellant.**

**Gen. No. 52,539.**

First District, First Division.

February 17, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Saul H. Brauner, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane, Michael Stevenson, and

James R. Kavanaugh, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE BURMAN delivered the opinion of the court.

The defendant, Donald Stewart, was charged in Indictment No. 67–238, with one count of aggravated battery (Ill Rev Stats 1967, c 38, § 12–4) and one count of attempt robbery (Ill Rev Stats 1967, c 38, § 8–4). The cause was tried before a jury and resulted in a verdict and judgment of guilty on both counts. The court sentenced the defendant to 4 to 6 years on each charge to be served in the Illinois State Penitentiary. The sentences were to run concurrently.

The defendant contends, on appeal, that (1) he was not proven guilty beyond a reasonable doubt in that his identification was based on conflicting testimony and (2) the conviction and sentencing of both attempt robbery and aggravated battery was improper.

The record reveals that Watt Pettis, the complaining witness, testified that on December 23, 1966, he was employed at the Ford Motor Company plant at 129th Street and Torrence. He said that as he left the plant at 12:00 p. m. he was given his paycheck and that upon receiving the check he walked over to the mobile check cashing service to cash it. Mr. Pettis had to wait in line a few minutes, so he gave the keys to his car to Larry Ginn, his regular rider, so that Mr. Ginn could warm up the car. After cashing the paycheck, Mr. Pettis had $105 from the check, plus another $215 in cash which he had been saving for Christmas. The complaining witness then walked to his car, but found that the door was locked. At that moment, Mr. Pettis testified, "someone grabbed me around the neck. . . . I was pulled down and hit immediately; and he [the assailant] said, 'Give me this money.'" In the struggle, Mr. Pettis was hit once in the mouth with a closed fist knocking

150

out several of his teeth. When someone approached and asked what was going on, the assailant left. The complaining witness received first aid at the plant and afterwards spoke with a policeman called by the plant security guards. On the next working day, December 27, Mr. Pettis reported the incident to the labor relations office at the Ford Motor Company plant. After Pettis described what had happened and who had been involved, the defendant, Donald Stewart, a fellow employee, was brought into the office. Pettis identified the defendant as his assailant.

The complaining witness further testified that the defendant and he had worked on the same production line for about a month and that during that month he had seen the defendant every day. Mr. Pettis stated that he did not know the defendant's name, but remembered that the defendant was called "Voodoo." When asked what the lighting conditions were in the area the assault occurred, the complaining witness replied that "[i]t wasn't too dark there." In addition, he said that the defendant walked directly under a light as he left the area.

Larry Ginn, the complaining witness's regular rider, testified that he was employed by the Ford Motor Company and that he worked the same shift as Mr. Pettis. He stated that Pettis approached the car from the passenger's side and that the door on that side was locked. Before he could reach over and unlock the door, Mr. Ginn said, "Pettis went down." When Ginn got out of the car he saw Pettis sitting on the ground bleeding from the mouth and he saw the defendant standing a short distance away. Larry Ginn testified that he was acquainted with the defendant as a fellow employee from work. After the defendant had departed, Ginn and Pettis drove off. Ginn got out of the complaining witness's car at 115th Street and the Expressway and

boarded a bus, admitting to Mr. Pettis that he did not want to get involved.

John Keating, a police detective, was called as a witness for the defendant. He testified that Pettis told him that he was struck several times.

The defendant's first contention involves the adequacy of his identification. He cites People v. Gold, 361 Ill 23, 31, 196 NE 729, 732, for the proposition that "[n]o man should be deprived of his liberty unless his identification as the party charged with a crime is under such circumstances and with such positiveness that there can be no reasonable doubt of its correctness." The defendant claims that the identification evidence supporting his conviction does not meet the above standard in that the complaining witness could not identify the defendant (whom he knew as Voodoo) as his assailant until the assailant stood beneath a light some distance away and that at that point, the complaining witness only observed the defendant for a few seconds and at a distance. The defendant also claims that Roland, the Ford employee identified by both Pettis and Ginn as the man who shouted "what's going on there" should have been produced as a witness.

In the case at bar both the complaining witness and Ginn identified the defendant as the assailant. Both Pettis and Ginn had worked with the defendant and knew him before the occurrence in question. The jury and the trial judge considered their testimony worthy of belief. It has long been the rule in Illinois that in criminal offenses the sufficiency of the identification of the accused is a question of fact for a jury and that courts of review will not reverse unless the testimony is so unsatisfactory as to leave a reasonable doubt as to the identification. People v. Bailey, 90 Ill App2d 121, 234 NE2d 332. As we cannot say that the identification in this case is so unsatisfactory as to justify a reasonable doubt as to the defendant's guilt, we see

152

no reason for disturbing the guilty finding reached by the jury.

The defendant further contends that the conviction and sentencing of both attempt robbery and aggravated battery was improper and should be reversed and modified. The defendant states that the law is well settled that a defendant may not be sentenced for two or more offenses if each offense arose out of the same transaction. In such cases, the defendant maintains, punishment can only be imposed for the more serious offense. People v. Duszkewycz, 27 Ill2d 257, 189 NE2d 299. In Duszkewycz, the defendant was found guilty of forcible rape and incest. The Supreme Court, reversing the incest conviction, found that the two offenses for which the defendant was convicted and sentenced involved a single act and that, therefore, only the conviction on the greater offense (rape) was affirmed.

In the instant case, however, more than a single transaction is involved. There were two separate and distinct acts: (1) grabbing the complaining witness from behind and hitting him and (2) demanding his money. The offense of aggravated battery was completed before there was the demand for money. Accordingly, we find the defendant's second contention to be without merit and hold that the two convictions and the two concurrent sentences are entirely proper.

For the reasons stated the judgment is affirmed.

Judgment affirmed.

ADESKO, P. J. and MURPHY, J., concur.