(No. 41497.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* IVAN LEE SCOTT, JR., Appellant.

*Opinion filed September 26, 1969.*

136

WARD, J., took no part.

MELVYN L. SEGAL and CHARLOTTE ADELMAN, both of Chicago, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and EDWARD V. HANRAHAN, State's Attorney, of Chicago,

(James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and John R. McClory, Assistant State's Attorneys, of counsel,) for the People.

Mr. Chief Justice Underwood delivered the opinion of the court:

The defendant, Ivan Lee Scott, Jr., was indicted by the grand jury of the circuit court of Cook County in three separate indictments. One indictment charged him with burglary with intent to commit theft. The second indictment contained six counts. The defendant was charged with the rape of a certain woman, with burglary of her dwelling house with intent to commit theft, with burglary of the same premises with intent to commit rape, with burglary of the same premises with intent to commit deviate sexual conduct, with robbery from the person of the woman he allegedly raped, and with deviate sexual conduct involving that woman. These offenses were not related to the offense charged in the first indictment, involving burglary of different premises on a different date. The third indictment charged defendant with the rape of the roommate of the woman named in the second indictment on the same date, with robbery from the second woman, and with deviate sexual assault upon the second woman. He entered pleas of guilty to the first indictment and to the count of the second indictment charging him with burglary with intent to commit theft, and was sentenced to concurrent terms of not less than 10 nor more than 25 years. He waived his right to trial by jury on the remaining counts of the second indictment and on the third indictment, and a bench trial resulted in a finding of guilty on all counts of each indictment. On the second indictment he was sentenced to terms of not less than 10 nor more than 25 years on the rape count, the count charging burglary with intent to commit rape and the robbery count, and was sentenced to terms of not less than 10 nor more than 14 years on the deviate

sexual assault count and the count charging burglary with intent to commit deviate sexual assault. On the third indictment he was sentenced to terms of not less than 10 nor more than 25 years on the rape count and the robbery count, and to a term of not less than 10 nor more than 14 years on the deviate sexual assault count. All sentences were made concurrent. He filed a notice of appeal about 6 months after his conviction but the appeal was not perfected, and about 2 years later he filed a petition under the Post-Conviction Hearing Act. After hearing testimony the trial court denied the post-conviction petition and this appeal followed.

The principal claim made in the post-conviction petition was that the defendant was denied the effective assistance of counsel. The attorney in question had been retained by defendant's father and was paid a substantial fee for his services. He testified that he had specialized in the practice of criminal law for many years and had handled hundreds of criminal cases. At the time he entered the case the State had offered the attorney, who was then representing the defendant, a recommendation of 25 to 50 years if the defendant pleaded guilty to all charges. Counsel testified concerning numerous conferences with the defendant and the prosecutor. The defendant first told him that he had assisted a man named Deno in the burglary of the apartment of the 2 women but had no knowledge of and was not guilty of any of the other offenses. The defendant gave counsel a description of Deno and told him where he might be located. The defendant, who was at liberty on bond, told counsel that he would also try to locate Deno, and the attorney had an investigator make a search for Deno but was unable to locate him. Shortly thereafter defendant admitted to his attorney that Deno was a fictitious individual and admitted to the attorney that he was guilty of all of the charges contained in the indictments. The attorney testified that the defendant told him that he was reluctant and ashamed to plead guilty to the sexual offenses in front of

his father and his wife. Counsel then had further negotiations with the prosecutor and with the court and was satisfied as a result of these conferences that he could tell the defendant that if he were to plead guilty to all the charges the possibility was that he would receive concurrent sentences of 10 to 25 years. He had a long conference with the defendant when reporting on his negotiations but the defendant was still reluctant to admit in open court that he was guilty of the sexual offenses. Counsel then suggested to the defendant that defendant could plead guilty to burglary only and go to trial on the other charges without having a full-scale trial. Counsel told the defendant that he would advise the prosecutor of the somewhat perfunctory nature of the prospective trial. The defendant agreed to this procedure provided that the attorney would not tell defendant's father that he had admitted his guilt of the sexual crimes. They then went to court where the defendant pleaded guilty to one burglary indictment and one count of burglary in another indictment, and waived a jury trial on the other charges. The evidence submitted by the State was sufficient to establish defendant's guilt of all the offenses. The defendant testified that he had assisted Deno in the burglary of the apartment of the two women by entering through a window and then opening the door for Deno. He testified that he then left the apartment and had no knowledge of what Deno did. He denied committing the sex offenses. At the conclusion of the bench trial the court entered a finding of guilty on all the charges. Counsel admitted at the postconviction hearing that he did not litigate the issues in this case as fully as he normally would where the defendant presented a full-scale defense, but that it was his realistic appraisal that the chances for acquittal with a full defense were remote. The defendant had no alibi defense and the only possibility of defense would be in shaking the identification testimony. However, counsel pointed out that the defendant's fingerprints were found on a glass in the apart-

ment. It was counsel's judgment that if defendant asserted a full defense he would probably receive a sentence of at least 25 to 50 years. The attorney testified that at the conclusion of the proceedings defendant voiced no criticism and that defendant, his father, and his wife all thanked counsel.

The defendant testified at the post-conviction hearing that the attorney told him that if he did not plead guilty he would receive a sentence of 40 to 80 years. The defendant denied that he had ever admitted his guilt to the attorney and denied having any conversations with the attorney concerning his shame and reluctance in admitting his guilt of the sexual offenses. He testified that counsel told him that the case for the prosecution was weak and that he was going to fight the case. He also testified that he understood that the fee was to cover counsel's services in the trial court and on appeal, if an appeal became necessary.

Counsel for the defendant, at the post-conviction hearing in the trial court and on this appeal, argues that defendant's attorney at the time of his convictions did not render effective assistance in that he did not call character witnesses; did not adequately investigate the case; failed to make proper motions and objections; stipulated to certain testimony; failed to make a final argument; and failed to object to the imposition of three sentences for one act of burglary. A threshold question is presented by the State, which contends that because defendant was represented by retained counsel, the issue of whether counsel rendered effective assistance is not a constitutional question calling for post-conviction relief. The position of the State finds support in the decisions of this court. (See *People* v. *Clements,* 38 Ill.2d 213, 215; *People* v. *Farmer,* 34 Ill.2d 218.) However, in later cases we have held that where representation by counsel of a defendant's choice is of such low calibre as to amount to no representation at all, or reduces the proceedings to a farce or sham, the defendant is denied due process of law. (*People* v. *Nelson,* 42 Ill.2d 172, 175; *People* v.

*Somerville,* 42 Ill.2d 1, 5.) Tested by this standard we find that defendant's constitutional right to a fair trial was not denied. While it is true that a defendant has a constitutional right to be represented by counsel and to have his defense placed before the trier of fact as strongly as possible, it is also quite clear that a defendant may waive his right to present any defense whatsoever, as in the case of a plea of guilty. (*People* v. *Dennis,* 34 Ill.2d, 219.) Having the right to completely waive his right to a defense and admit his guilt, he may waive his right to a full-scale defense and authorize only a perfunctory trial in order to save the embarrassment of admitting his guilt. The testimony of the attorney at the post-conviction hearing, if believed by the court, was sufficient to establish that the defendant admitted his guilt, wanted to secure the most favorable disposition, and consented to a perfunctory defense so that he would not bear the onus of admitting his guilt. At the conclusion of the post-conviction hearing the trial judge stated that there was no question in his mind that the attorney was competent and that he handled the case to the best interests of the defendant under the circumstances. The court pointed out that the fee of the attorney was paid in large part by a refund of bond money several days after the trial and that neither the defendant nor his father objected to payment of the money to the attorney. The court also noted that 2½ years had elapsed before the defendant filed his petition alleging the ineffective assistance of counsel. In a post-conviction case, as in other bench trials, the credibility of the witnesses is for the trial judge to determine. (*People* v. *Caise,* 38 Ill.2d 486, 489.) He believed the testimony of the attorney which was sufficient to establish a waiver by the defendant of his right to a full defense. The claim that the defendant was denied the effective assistance of counsel cannot be sustained.

The defendant also argues that his pleas of guilty were involuntary and that he was not fully admonished of the

consequences of his pleas. The claim that the pleas were involuntary is based upon the defendant's testimony that he was threatened with a sentence of 40 to 80 years if he did not plead guilty and promised a recommendation of 10 to 25 years if he entered such a plea. It is probably true that the defendant feared that a severe sentence would be imposed. If he were, in fact, guilty of the vicious offenses described by the victims his apprehension was well founded, but this fear arose out of his own conduct. (See *People* v. *Bowman*, 40 Ill.2d 116, 127.) According to the testimony of counsel at the post-conviction hearing, which was believed by the trial judge, the defendant had admitted his guilt of all of the offenses and the fact that he feared the imposition of a severe sentence does not render the pleas involuntary. Nor does the fact that the prosecutor recommended a reduced sentence constitute duress. (*People* v. *Kessler*, 41 Ill.2d 501.) The record does not support defendant's claim that his pleas of guilty were involuntary.

We have examined the record of the court's admonishment to the defendant at the time his pleas of guilty were accepted. In each case the court advised the defendant that upon a conviction of the crime of burglary he could be sentenced to the penitentiary for any number of years not less than one year. The defendant said that he understood this and told the court that he was pleading guilty because he was, in fact, guilty. This admonition was sufficient.

Defendant further claims that the trial judge at the original bench trial should have intervened to protect the defendant's right to a fair trial. It is apparently the defendant's contention that the court should have realized that defendant's counsel was not making an all-out effort to challenge the prosecutor's case and should have in some manner protected the defendant. According to the testimony of counsel at the post-conviction hearing, the trial judge was advised of the abbreviated nature of the defense which counsel planned to make and he was under no duty to

intervene. What we have said in this opinion regarding the right of a defendant to waive a full-scale defense is applicable here.

The defendant further argues that he was deprived of effective notice of his right to appeal. The record fails to support this claim. At the conclusion of the bench trial the judge said, "On the finding of guilty on the bench trial you are advised that you have a right to appeal and if you are indigent you have a right to a free transcript and free counsel." This record affirmatively shows that defendant was advised of his right to appeal.

The defendant's final claim is that he should not have been sentenced to concurrent terms for burglary with intent to commit theft, burglary with intent to commit rape, and burglary with intent to commit deviate sexual conduct. The State claims that this issue cannot properly be considered in the post-conviction case, and while we agree that there may be some question as to whether this claim presents a substantial constitutional question, we feel that in the interests of an orderly administration of justice, the claim is properly considered on this appeal rather than to put the defendant and the State to the expense and delay of the exercise of a different remedy. While we find no case squarely in point, we believe that the argument is well founded and supported by the reasoning of former decisions of this court. In *People* v. *Stingley,* 414 Ill. 398, the defendant was convicted of assault with intent to rape and assault with intent to murder, both arising out of a single series of acts committed upon the same victim at the same time and place, and was sentenced to consecutive sentences of equal length. We held that consecutive sentences were unauthorized, but held that the defendant's rights would not be prejudiced by having the sentences run concurrently, since satisfaction of one would satisfy both. In *People* v. *Schlenger,* 13 Ill.2d 63, the defendant was charged with armed robbery and grand larceny arising out of the same transaction and on his plea

of guilty he was sentenced to concurrent terms of imprisonment. The court referred to the ruling in the *Stingley* case and prior cases concerning the nonprejudicial effect of concurrent sentences, and, while these cases were not specifically overruled, the court held that the double conviction might prejudice the defendant's right to parole and reversed the judgment of conviction on the larceny charge. In *People* v. *Duszkewycz*, 27 Ill.2d 257, the defendant was convicted of forcible rape and incest, both involving the rape of defendant's daughter. The court held that only one sentence should have been imposed.

The primary concern in a burglary indictment is with the unlawful entry. (*People* v. *Peck*, 29 Ill.2d 480, 484.) In the present case there was but one unlawful entry and the fact that the defendant might have intended to commit several crimes if the opportunity presented itself, does not justify conviction of and sentence for 3 separate crimes. We do not believe it is necessary to remand the cause to the trial court for the vacation of the judgments of conviction and sentences. Defendant entered a plea of guilty to the crime of burglary with intent to commit theft. We believe that it is appropriate to permit this conviction and the sentence thereon to stand. The judgments of conviction and the sentences on the counts in indictment No. 65-130, charging him with the offenses of burglary with intent to commit rape and burglary with intent to commit deviate sexual conduct, are vacated.

In all respects other than the vacation of the two judgments and sentences referred to above, the judgment of the circuit court of Cook County is affirmed.

*Affirmed in part and vacated in part.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.