(No. 42041.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* DONALD STEWART, Appellant.

*Opinion filed May 20, 1970.*

Donald Stewart, *pro se.*

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and Laurence J. Bolon, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

A jury in the circuit court of Cook County found the defendant, Donald G. Stewart, guilty of aggravated battery and attempt to commit robbery, and he was sentenced to imprisonment for a term of not less than four nor more than six years on each offense, the sentences to run concurrently. The appellate court affirmed (106 Ill. App. 2d 149), and we allowed the defendant's *pro se* petition for leave to appeal.

In this court the defendant first contends that the identification testimony was insufficient to establish his guilt beyond a reasonable doubt. We do not agree. The facts are fully set forth in the opinion of the appellate court and need

not be repeated here. The circumstances established by the testimony are unusual in some respects, but there is no doubt as to the identity of the defendant as the man who grabbed the complaining witness around the neck, said, "Give me this money", threw him down, and struck him a blow that knocked out several teeth. The occurrence took place on the company parking lot after the complaining witness and many other employees had cashed their pay checks at a mobile check-cashing unit. The defendant was identified by his regular car rider and by the complaining witness, both of whom worked on the same production line with the defendant.

The defendant's second contention is that sentences should not have been imposed for both aggravated battery and attempted robbery, since both charges arose out of a single transaction. The problem raised by this contention is not unique to this jurisdiction. (See, *e.g., Neal* v. *State* (1960), 55 Cal. 2d 11, 357 P.2d 839; *Irby* v. *United States* (D.C. cir. 1967), 390 F.2d 432; *Jackson* v. *United States* (D.C. cir. 1969), 412 F.2d 149, 154; *United States* v. *Hooper* (E. D. Tenn. 1969), 306 F. Supp. 715, 6 Cr. L. Rep. 2415; *Benton* v. *Maryland* (1969), 395 U.S. 784, 23 L. Ed. 2d 707, 89 S. Ct. 2056.) It has, however, been disposed of in this State, so far as consecutive sentences are concerned by *People* v. *Stingley* (1953), 414 Ill. 398, *cert.* denied 345 U.S. 959, 97 L. Ed. 1379, and so far as concurrent sentences are concerned by *People* v. *Schlenger* (1958), 13 Ill.2d 63. See also, *People* v. *Duszkewycz* (1963), 27 Ill.2d 257; *People* v. *Scott* (1969), 43 Ill.2d 135.

The conclusions reached in the *Stingley* and *Schlenger* cases were incorporated in paragraph (m) of section 1—7 of the Criminal Code of 1961 (Ill. Rev. Stat. 1967, ch. 38, par. 1—7), which provides: "(m) Consecutive and Concurrent Sentences. When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced

upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses."

The comments of the drafting committee concerning this provision are as follows: "Subsection (m) is intended to codify the holding in People v. Schlenger, 13 Ill.2d 63, 147 N.E.2d 316 (1958), by the implicit converse of the provision stated, *i.e.*, if the offenses resulted from the same conduct the defendant may not be sentenced on both, either concurrently or consecutively. 'Conduct' is defined in section 2—4 and is used in the sense of 'the same transaction' discussed in Schlenger, *supra*." (S.H.A., ch. 38, § 1—7, Committee Comments, p. 32.) Section 2—4 of the Criminal Code of 1961 defines "conduct" as follows: " 'Conduct' means an act or series of acts, and the accompanying mental state." Ill. Rev. Stat. 1967, ch. 38, par. 2—4.

Nothing in the record in this case suggests that the acts which constituted the offense of aggravated battery were independently motivated or otherwise separable from the conduct which constituted the offense of attempted robbery. The entire "series of acts" were a part of "the same transaction"—the attempted robbery. Attempted robbery is the more serious of the two offenses charged in this case, for it is punishable by imprisonment for a term of not less than one nor more than 14 years (Ill. Rev. Stat. 1967, ch. 38, par. 8—4), while aggravated battery is punishable by imprisonment "from one to 10 years". (Ill. Rev. Stat. 1967, ch. 38, par. 12—4.) In accordance with the conclusions reached in *Schlenger* and *Duszkewycz,* the judgment entered upon the charge of attempted robbery is affirmed and the judgment entered upon the charge of aggravated battery is reversed.

*Affirmed in part and reversed in part.*