(No. 42077.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* JAMES WHITTINGTON, Appellant.

*Opinion filed October 7, 1970.*

Robert L. Butler, of Marion, appointed by the court, for appellant.

William J. Scott, Attorney General, of Springfield, and J. Lewis Wingate, State's Attorney, of Vienna, (Fred G. Leach, Assistant Attorney General, of counsel,) for the People.

Mr. Justice Kluczynski delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Johnson County dismissing, on motion, James Whittington's petition for post-conviction relief.

On October 13, 1967, petitioner, together with another prisoner, escaped from the Vienna Branch of the Illinois State Penitentiary where he had been serving sentences for forgery and armed robbery. In making their escape, the two commandeered an automobile owned by the State. Petitioner was captured on October 15, 1967, and on October 17 was brought into court and informed that he had been charged in a two count information with the crimes of escape by an inmate (Ill. Rev. Stat. 1965, ch. 108, par. 121) and theft of property having a value in excess of $150. (Ill. Rev. Stat. 1965, ch. 38, par. 16—1.) At that same time, counsel was appointed to represent him. On the following day, petitioner was brought into court and, after consultation with counsel, orally and in writing, waived grand jury proceedings, consented to be proceeded against by information, and pleaded guilty to both charges. He was sentenced

to a term of from one to four years on the escape charge, which term was to be consecutive to all other terms then being served by him and he was sentenced to a term of from two to ten years on the theft charge to run concurrently with all other terms then being served.

In June 1968, petitioner filed a *pro se* post-conviction petition alleging violation of his constitutional rights in that the trial court did not inquire as to whether he understood the consequences of a plea of guilty, and that he was twice put in jeopardy by being convicted of two charges (escape and theft) which arose out of the same action and course of conduct. The State filed a motion to dismiss the petition, asserting there was no violation of petitioner's constitutional rights, and petitioner countered with a motion to strike the State's motion to dismiss. At some point in these proceedings, counsel was appointed for petitioner who then filed an amendment to the *pro se* petition. In this amendment it was charged that Whittington's constitutional rights were violated in that the trial court failed to inquire if petitioner understood the consequences of his plea of guilty to the charge of theft and that the trial court erred in "failing to obtain proper evidence of moral character, family, health, habits, etc., at the time of the hearing on aggravation and mitigation  *  *  *." After a hearing on the motions, the trial court dismissed the petition for failure to set forth a substantial violation of petitioner's constitutional rights.

The transcript of the arraignment proceedings clearly indicates that defendant was informed of his rights, was properly admonished as to the consequences of a plea of guilty to the charge and understood those consequences. The court advised him with respect to count I (escape) that the penalty prescribed by statute was not less than one and not more than ten years, to be served in the penitentiary consecutively with any sentence then being served. He was advised of his rights to trial by jury, counsel, and to subpoena

witnesses, and, when asked if he understood the admonition, petitioner replied: "Yes, I do." The court again repeated the admonition and, upon receiving an affirmative reply regarding petitioner's understanding thereof, accepted petitioner's plea of guilty to the escape charge. He was then informed with respect to count II (theft) that he had a right to trial by jury, and that he could be sentenced to the penitentiary for a term of not less than one nor more than ten years. He was again asked if he understood this admonition and petitioner replied: "Yes." The court repeated this admonition a second time and, petitioner persisting in his plea, was found guilty.

From the foregoing, it is evident that petitioner was properly advised of his rights and as to the consequences of a plea of guilty, and that he understood those admonitions. Accordingly, we find no error. See *People* v. *Washington*, 5 Ill.2d 58.

Petitioner argues that the court erred in not obtaining evidence of his moral character, family, health, habits, *etc.* at the time of the hearing in aggravation and mitigation. The record before us indicates that petitioner's counsel informed the court that petitioner desired to testify in mitigation regarding his attempt to surrender himself before his capture. This he did and the court took it into account when sentencing him. He argues "it was incumbent upon the court to proceed to become informed of the defendant's moral character, life, family, occupation and criminal record". In *People* v. *Nelson*, 41 Ill.2d 364, 367, we stated that "The burden of presenting mitigating circumstances in a record falls upon a defendant and it is he who must make a substantial showing in order to justify a reduction of sentence on review." We further stated, at page 369, that "To hold otherwise would permit a defendant to stand silent and, if not pleased with his sentence, later invoke the aid of an appellate tribunal to secure a reduction in sentence." Accordingly, it was incumbent upon petitioner and

not on the trial court to set forth the evidence he now claims should have been adduced. Petitioner was represented by counsel and, with advice, only presented certain mitigating factors to the trial court. He may not now complain that his hearing was not full enough after being afforded the opportunity to present evidence.

Further, petitioner in this court claims for the first time that the "inordinate speed with which his case was dispatched" did not allow him sufficient time to prepare. We have reviewed this record with respect to this claim and find no error. Neither petitioner nor his counsel made any request for additional time. Counsel had conferred with him prior to the arraignment and discussed the pending matter with him. In *People* v. *Wakeland,* 15 Ill.2d 265, where defendant was indicted, arraigned, entered a plea of guilty and was sentenced on the same day the *capias* under the indictment was served upon him, the court, in finding no violation of rights, stated, at page 271 : "The defendant was represented by the public defender at all stages of the proceedings, and they conferred prior to the entry of any plea. There is no suggestion that counsel was incompetent or that he did not fully perform his duties. After the conference, upon interrogation and admonition by the court, the defendant stated that his attorney had fully explained his rights to him." (See also *People* v. *Richardson,* 43 Ill.2d 318.) These same factors are present in this case. Petitioner was represented by counsel who consulted with him prior to arraignment and advised him of his rights, petitioner was fully interrogated and admonished by the trial court and yet he persisted in his plea. On the basis of the record before us, we cannot say petitioner's rights were violated.

Finally, petitioner claims that he should not have been convicted and sentenced on both charges because they arose out of the same course of conduct. Our review of the record reveals that petitioner stole the motor vehicle on prison

grounds as part of his plan of escape. Accordingly, the theft was not "independently motivated or otherwise separable" from the conduct which constituted the offense of escape. (*People* v. *Stewart*, 45 Ill.2d 310; *People* v. *Scott*, 43 Ill.2d 135.) It was therefore improper for defendant to be sentenced on the theft charge. *Cf. People* v. *Stewart; People* v. *Scott; People* v. *Schlenger*, 13 Ill.2d 63.

The judgment entered upon the charge of escape is affirmed and the judgment entered upon the charge of theft is reversed.

*Affirmed in part and reversed in part.*

Mr. CHIEF JUSTICE UNDERWOOD, dissenting:

I do not agree with the majority's conclusion that the convictions for escape and theft cannot both stand.

The Criminal Code provides: "When a person shall have been convicted of two or more offenses which did not result from the *same conduct,* either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses." (Ill. Rev. Stat. 1967, ch. 38, par. 1—7(m), (emphasis supplied).) "Conduct" is defined in the Code as: "An act or series of acts, and the accompanying mental state." (Ill. Rev. Stat. 1967, ch. 38, par. 2—4.) As discussed in Article 4 of the Code, "mental state" is the intent, knowledge, recklessness, or negligence with which a person acts in the commission of an offense. (Ill. Rev. Stat. 1967, ch. 38, pars. 4—3 to 4—7.) The purport of subsection 1—7(m) is thus to permit consecutive sentences for multiple convictions which did not result from "the same act or series of acts, committed with the accompanying mental state" necessary to constitute the commission of an offense.

Notwithstanding the purport of the statute, however,

there has been confusion in its interpretation and application. The committee comments to subsection 1—7(m) state that: " 'Conduct' is defined in section 2—4 and is used in the sense of 'the same transaction' discussed in Schlenger. [*People* v. *Schlenger*, 13 Ill.2d 63]." The *Schlenger* case reversed a conviction for grand larceny which was based on the same facts as a conviction of the same defendant for armed robbery. The court in *Schlenger* also referred to earlier cases which had characterized convictions for burglary and larceny as being based upon the "same transaction". (See *People* v. *Griffin*, 402 Ill. 247; *People* v. *McMullen*, 400 Ill. 253; *People* v. *Fitzgerald*, 297 Ill. 264.) The committee comments have led to erroneous and unjustified interpretations of subsection (m), as represented by the majority opinion here. While it may be conceded that both Whittington's escape and his theft of a car were part of the "same transaction", there is no statutory authority which precludes *conviction* for two offenses which occur in the "same transaction". The statute speaks much more narrowly, precluding only *consecutive sentences* where the offenses are a part of the same "conduct". Were the committee comments correct, the decision of this court in *People* v. *Lacey, ante,* at 219 would be clearly wrong. In *Lacey,* we affirmed multiple convictions for burglary and theft without mention of the so-called "same transaction" rule, which the majority adopts in this case. If the statute prohibits *conviction,* as well as *consecutive sentencing, Lacey* is surely a more appropriate instance for its application than *Whittington,* for in *Lacey* the offenses, *i.e.,* burglary-theft, are precisely those which the committee comments suggest as being the origin of the "same transaction" rule. I am compelled to dissent from what I consider to be the majority's inconsistent and incorrect decision in this case, and shall discuss the statutory framework as I am convinced it should be interpreted.

We have had no difficulty with the situations in which a single act is involved and have consistently disallowed multiple convictions in such cases. (See, *e.g., People* v. *Stewart,* 45 Ill.2d 310 (aggravated battery-attempted robbery); *People* v. *Scott,* 43 Ill.2d 135 (burglary with intent to commit theft—burglary with intent to commit rape—burglary with intent to commit deviate sexual conduct); *People* v. *Duszkewycz,* 27 Ill.2d 257 (rape-incest); *People* v. *Schlenger,* 13 Ill.2d 63 (armed robbery-grand larceny.) All of these cases, cited for support in the majority opinion, are single act situations. (See also, *Chicago* v. *Hill,* 40 Ill.2d 130, (disorderly conduct-obstructing traffic.) The confusion in this area arises where there is more than one act.

In *People* v. *Ritchie,* 66 Ill. App. 2d 302, the Fourth District Appellate Court cited the committee comments to subsection (m) and held that convictions and concurrent sentences for both rape and burglary with intent to commit rape could not be sustained since they arose out of the "same conduct or transaction." The rape in that case occurred after defendant's forcible entry of the victim's house trailer. The validity of this decision has been questioned by this court on two occasions. (See *People* v. *Ritchie,* 36 Ill.2d 392, 397; *People* v. *Raby,* 40 Ill.2d 392, 404.) In *Ritchie,* we found the State's argument that the two convictions should be affirmed "convincing", but held that the issue was no properly before us on review. However, in *People* v. *Johnson,* 44 Ill.2d 463, we considered this precise question and decided it directly contrary to the appellate court decision in *Ritchie.*

*Johnson,* like *Ritchie,* involved multiple convictions and concurrent sentencing for rape and burglary. The defendant in that case argued for a broad construction of the statutory words, "same conduct" to mean the "same general transaction." The court rejected this construction in "situations in which more than one offense arises from a series of closely

related acts and the crimes are clearly distinct and require different elements of proof." We held further in *Johnson* that rape and burglary are "separate and distinct crimes requiring entirely different elements of proof to sustain them. The rape has no necessary connection with the burglary as is evident when we stop to consider that the burglary was complete before the defendants laid a hand on the victim." The same reasoning is directly applicable to the instant case. Whittington's theft of a state-owned car occurred prior to his escape. The offense of theft occurs whenever a person knowingly "obtains or exerts unauthorized control over property of the owner" and "intends to deprive the owner permanently of the use or benefit of the property." (Ill. Rev. Stat. 1967, ch. 38, par. 16—1(a) and 1(d)(1).) Certainly the commission of the theft was instrumental in Whittington's escape; yet it is a curious sort of reasoning which leads the majority to conclude from that fact alone that the defendant cannot be convicted for the theft. Had the escape been thwarted, the offense of theft would have been no less complete. Had Whittington been forced to abandon the stolen car prior to his escape, and nevertheless succeeded in escaping afoot, the two offenses would clearly be separate. But here, where Whittington was successful in escaping with the stolen car, the majority rewards his total success by finding conviction for the distinct crime of theft to be impermissible. Wholly apart from being, in my judgment, an incorrect interpretation of the statutory provisions, the result here is undesirable for it seems to say to prisoners contemplating escape that, "If your escape is successful, all lesser offenses which have aided your escape are unpunishable," thereby encouraging the commission of the lesser offenses. I think the clear language of the statute prohibits this interpretation and that the recent holding of this court in *Johnson,* demands a contrary ruling in this case.

I would restate the approach set forth in *Johnson* as follows: A series of acts should be treated as a single act until an additional factor is introduced which was previously absent, and which is an essential element necessary for the proof of a separate offense. That is, when more than one act and more than one offense are involved, and proof of the separate offense requires proof of at least one additional essential element, which was not in existence at the time of the first offense, then the offenses are separable and convictions may be had and sentences imposed on both.

This test necessarily rejects a previous suggestion that the test in multiple conviction cases ought to be whether the offenses were "independently motivated." (*People* v. *Stewart*, 45 Ill.2d 310.) The statutory definition of conduct includes "a series of acts with the accompanying mental state." This is quite different from saying "a series of acts with the same underlying motivation," as the former language envisages a breaking of the series of acts into separate and distinct offenses when additional elements of such further offenses are introduced with the accompanying mental state. An approach which focuses on the defendant's underlying motivation allows an inmate to steal a state-owned vehicle or render a prison guard unconscious in his effort to escape, and conviction could be had only for the offense of escape if his ultimate motivation was simply to escape. The vice of that rationale, in addition to its departure from the statute, is, as earlier indicated, that it actually encourages the commission of lesser offenses in order to accomplish the greater.

Section 3—3 of the Criminal Code provides further indication that the statutory framework has been misconstrued by the majority. Subsections (a) and (b) of section 3—3 set forth the framework which should clearly control in this case.

"(a) When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense.

"(b) If the several offenses are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution, except as provided in Subsection (c), if they are based on the same act.

"(c) When 2 or more offenses are charged as required by Subsection (b), the court in the interest of justice may order that one or more of such charges shall be tried separately." Ill. Rev. Stat. 1967, ch. 38, pars. 3—3(a) and (b).

The committee comments disclose the consideration and rejection by the committee of a compromise suggestion which would have prohibited further prosecutions where the initial prosecution results in a conviction, "thus permitting only one sentence for a single course of conduct." (Committe Comments, S.H.A., 1964, ch. 30, § 3—3, p. 130.) Therefore, under paragraph (a) as adopted, a defendant may be convicted and sentenced separately for each such offense based upon the "same conduct". Paragraph (b) provides that several offenses must be prosecuted in a single prosecution only if they are based on the "same act".

Sections 3—3 and 1—7(m), read together, outline the legislature's general plan with regard to multiple prosecutions and sentencing. When several offenses are based on the same act by defendant they must be combined in a single prosecution and only one conviction and sentence may be imposed. When several offenses are based on the "same conduct" [series of acts] of defendant he may be convicted of each, but only concurrent sentences may be imposed. When several offenses are *not* based upon the "same conduct", they may be prosecuted separately and sentences may be concurrent or consecutive.

I believe the majority opinion perpetuates a misconception of the statutory provisions and overlooks the interpretation adopted in *Johnson.* This result is unjustified as a matter of law, and undesirable in its result.

I would affirm both convictions.

CULBERTSON and CREBS, JJ., join in this dissent.