(No. 42035.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. BOBBY RONALD COX, Appellant.

*Opinion filed November 30, 1972.*

RYAN, J., took no part.
UNDERWOOD, C.J., dissenting.

THEODORE A. GOTTFRIED, Illinois Defender Project, of Ottawa, for appellant.

WILLIAM J. SCOTT, Attorney General, of Springfield, and ROBERT E. RICHARDSON, State's Attorney, of Ottawa (THOMAS J. IMMEL, Assistant Attorney General, and FRANK X. YACKLEY, Assistant State's Attorney, of counsel), for the People.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

Petitioner, Bobby Ronald Cox, appeals from the judgment of the circuit court of La Salle County denying relief sought in his petition filed under the provisions of the Post-Conviction Hearing Act. Ill.Rev.Stat. 1969, ch. 38, par. 122—1 *et seq.*

The record shows that petitioner pleaded guilty to two counts of an information, both of which charged "Indecent Liberties with a Child." (Ill.Rev.Stat. 1965, ch.

38, par. 11—4(a).) In one count the misconduct charged is an act of intercourse (par. 11—4(a)(1)) and in the other an act of deviate sexual conduct (par. 11—4(a)(2)). The trial court, upon acceptance of the pleas of guilty sentenced petitioner on each count, the sentences to run concurrently. The facts are that petitioner, then 27 years of age, took an eight-year-old girl into the bathroom of her home where he committed an act of sexual intercourse and then an act involving oral-genital contact.

Petitioner contends that although either act would constitute the offense of indecent liberties with a child, these acts, which occurred almost simultaneously, at the same place with the same child, constituted one offense performed in two of the three ways enumerated in the statute defining the crime, and cannot constitute two separate crimes. He argues that since there was only one offense the imposition of two concurrent sentences was error.

Petitioner admits that this contention was neither presented to nor considered by the trial court, but argues that this court, under the provisions of Rule 615(a), should notice the matter as plain error. In our prior opinion (as to which rehearing was allowed), in rejecting this contention, we said, "Assuming, *arguendo,* that on appeal from the judgment of conviction this were 'plain error,' in this proceeding it does not present the substantial denial of constitutional rights requisite to post-conviction relief."

In his petition for rehearing petitioner pointed out that *People v. Whittington, 46 Ill.2d 405,* involved a post-conviction proceeding, and we note that in *People v. Russo, 52 Ill.2d 425,* also a post-conviction appeal, we treated the matter of improper concurrent sentences as being of sufficient constitutional substance to be cognizable in a post-conviction proceeding. In view of these decisions we notice the matter here as plain error.

Although we have many times considered the matter

of multiple concurrent sentences, the questions in those cases differ significantly from the question presented here. The statute upon which petitioner's convictions are based provided:

"Sec. 11—4. Indecent Liberties with a Child.

(a) Any person of the age of 17 years and upwards who performs or submits to any of the following acts with a child under the age of 16 commits indecent liberties with a child:

(1) Any act of sexual intercourse; or

(2) Any act of deviate sexual conduct; or

(3) Any lewd fondling or touching of either the child or the person done or submitted to with the intent to arouse or to satisfy the sexual desires of either the child or the person or both." Ill.Rev.Stat. 1965, ch. 38, par. 11—4.

The sentences imposed upon petitioner stemmed from two counts based upon a single transaction, charging two acts almost simultaneous in time and involving a single victim, each of which acts was one of the three proscribed by the statute. In contrast to the present situation, although in the cases hereafter enumerated the charges arose from a single transaction, involving in some instances the same property, in others the same victim, and in *Duszkewycz* a single act of intercourse with the same victim, the sentences imposed were for violation of more than one section of the Criminal Code and the conduct charged constituted more than one offense. *People v. Schlenger, 13 Ill.2d 63,* involved convictions for armed robbery and grand larceny; *People v. Squires, 27 Ill.2d 518,* burglary and larceny; *People v. Duszkewycz, 27 Ill.2d 257,* forcible rape and incest; *People ex rel. Starks v. Frye, 39 Ill.2d 119,* two reckless homicides in the same automobile collision; *People v. Scott, 43 Ill.2d 135,* a single unlawful entry with the intent to commit three separate crimes; *People v. Johnson, 44 Ill.2d 463,* burglary and rape; *People v. Stewart, 45 Ill.2d 310,* attempted robbery and aggravated battery; *People v. Whittington, 46*

*Ill.2d 405,* theft and escape; *People v. Lerch, 52 Ill.2d 78,* attempted escape and aggravated battery; *People v. Russo, 52 Ill.2d 425,* attempted escape and aggravated battery.

Counsel has not cited, nor have we found a reported decision involving a factual situation identical to that in this case. Some guidance is found, however, in *Bell v. United States, 349 U.S. 81, 99 L.Ed. 905, 75 S.Ct. 620,* and *Castle v. United States, 368 U.S. 13, 7 L.Ed.2d 75, 82 S.Ct. 123.* In *Bell* the defendant pleaded guilty to two counts charging violations of the Mann Act (18 U.S.C. sec. 2421), each referring to a different woman. The transportation was effected in the same vehicle, on the same trip. The trial court imposed consecutive sentences and the Court of Appeals affirmed (6th cir.), 213 F.2d 629. The Supreme Court reversed stating that "if Congress does not fix the punishment for a federal offense clearly and without ambiguity, doubt will be resolved against turning a single transaction into multiple offenses ***." 349 U.S. at 84, 99 L.Ed. at 910-11, 75 S.Ct. at 622.

In *Castle* defendant was convicted on five counts of an indictment charging the unlawful transportation of five forged money orders. The Court of Appeals, Fifth Circuit, rejecting Castle's contention that since there was a single transportation the district court erred in imposing multiple sentences, affirmed. (287 F.2d 657.) The Supreme Court, citing *Bell,* reversed on the ground that there was a single transportation and a single offense. 368 U.S. 13, 7 L.Ed.2d 75, 82 S.Ct. 123.

Prior to the enactment of the Criminal Code of 1961, the misconduct which now constitutes the offense of indecent liberties with a child was proscribed by various provisions in division I of the Criminal Code (par. 490—statutory rape—one year to life; par. 141—crime against nature—one to 10 years; par. 109—crimes against children—one to 20 years). Since the General Assembly has seen fit to define an offense which may be committed in any of three ways without further definition of what

constitutes a single or multiple offense we find apposite the following language from *Bell v. United States,* "When Congress has the will it has no difficulty in expressing it—when it has the will, that is, of defining what it desires to make the unit of prosecution and, more particularly, to make each stick in a faggot a single criminal unit. When Congress leaves to the Judiciary the task of imputing to Congress an undeclared will, the ambiguity should be resolved in favor of lenity." (349 U.S. at 83 , 99 L.Ed. at 910.) In our opinion, in the absence of a statutory provision to the contrary the conduct here constituted a single offense and only one sentence should be imposed. The judgment of conviction and the sentence on the second count of the indictment charging indecent liberties with a child in the nature of deviate sexual conduct are accordingly vacated.

Petitioner contends next that he was denied due process of law because of the trial court's failure, upon acceptance of his pleas of guilty, to advise him of his right to appeal. It is noted that petitioner pleaded guilty and was sentenced on May 10, 1966. In *People v. Covington, 45 Ill.2d 105,* in considering a similar contention, this court said at page 108, "On June 26, 1967, this court adopted a rule requiring that all defendants convicted of a felony be advised of their right to appeal, (Supreme Court Rule 605; Ill.Rev.Stat. 1967, ch. 110A, par. 605,) which was thus in effect at the time of defendant's conviction. However, the allegation of the petition that the court failed to give defendant such advice did not raise a question of constitutional dimension. Our rule stems from the dictates of good practice rather than constitutional command, and where the question has arisen it has been held that the failure of a court to advise of the right to appeal is not a denial of due process or equal protection. [Citations.]" Clearly, the failure to advise petitioner of his right to appeal from a judgment of conviction entered prior to the adoption of the rule raises no question of constitutional dimension.

Petitioner contends next that each of the two charges of indecent liberties with a minor child was made in a separate information neither of which was signed by the State's Attorney. He points out that section 111—3(b) of the Code of Criminal Procedure (Ill.Rev.Stat. 1969, ch. 38, par. 111—3(b)) requires an information to be signed by the State's Attorney and be sworn to by him or another. He argues that these charges were null and void and that the convictions and sentences based on these charges are also null and void.

Originally three charges were filed against petitioner— indecent liberties with a minor child in the nature of sexual intercourse, indecent liberties with a minor child in the nature of deviate sexual conduct, and rape. Each count was typed on a single-page, printed form. At the top of each page was typed "Count I", "Count II", and "Count III", respectively. The page labeled "Count III" contained the rape charge and was the only page signed and sworn to by the State's Attorney. The rape charge was later nolle prossed after defendant entered pleas of guilty to the charges of indecent liberties with a minor child. We are of the opinion that the trial judge properly treated the three pages as three counts of a single information and that the signature and verification following the third count was a signature and verification of the single three-count information.

Petitioner's final contention is that his plea of guilty was induced by the public defender's representation that he would be given a sentence of 1 to 10 years, or probation. The record shows that at the time of the hearing on the post-conviction petition, the public defender was deceased. Petitioner contends that the trial court erred in that in finding that the pleas of guilty were not induced by an unfulfilled promise of the public defender, it ignored the only evidence presented on the issue. The transcript of proceedings had at the time petitioner was sentenced shows that the State's Attorney recommended 10-to-20-year sentences on count I and count II, the

sentences to run concurrently, and the public defender recommended that the minimum of the sentences be only 5 years. The court then asked defendant if he wished to present anything and he replied, "No, sir."

The circuit judge who heard the post-conviction petition· concluded that petitioner's acquiescence in his attorney's recommendation of a 5-year minimum sentence militated against the present assertion made two years later, and after the attorney had died. He found that the plea of guilty was not improperly induced, and since the finding is not contrary to the manifest weight of the evidence, this court will not disturb it. *People v. Harper, 43 Ill.2d 368.*

Except for the vacation of the conviction and sentence on count II, the judgment of the circuit court of La Salle County denying petitioner post-conviction relief is affirmed.

*Affirmed in part and vacated in part.*

MR. JUSTICE RYAN took no part in the consideration or decision of this case.

MR. CHIEF JUSTICE UNDERWOOD, dissenting:

I would affirm both judgments. The concurrent-sentences question was never raised in the trial court and ought not to be considered here. (Ill. Rev. Stat. 1971, ch. 38, par. 122–3; *People v. Clements (1967), 38 Ill.2d 213, 216; People v. Eldredge (1969), 41 Ill.2d 520, 528.*) But if it is to be considered, the majority is, in my judgment, wrong in concluding that only one offense was committed.

Defendant predicates his argument against the concurrent sentences on his assertion that the sexual intercourse and the oral-genital activity were "one act". Since defendant pleaded guilty to these charges we have no testimony precisely describing the interval of time elapsing between the acts. It seems clear, however, that defendant did not immediately proceed from one to the other (if that

makes any difference), and that the acts were in fact and in time separate and distinct. They constitute, in my judgment, separate offenses for which concurrent sentences are a permissible punishment. (*Ebeling v. Morgan (1915), 237 U.S. 625, 59 L. Ed. 1151, 35 S. Ct. 710; Blockburger v. United States (1932), 284 U.S. 299, 76 L. Ed. 306, 52 S. Ct. 180.*) As is apparent from both the language and history of section 11—4 (Ill. Rev. Stat. 1971, ch. 38, par. 11—4), our legislature has proscribed indecent acts committed upon children, not a course of conduct.