THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAUL SMITH, Defendant-Appellant.

(No. 57868;

First District (4th Division)—September 26, 1973.

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and James M. Schreier, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Paul Smith, was indicted on four counts of aggravated battery, and at a bench trial in the Circuit Court of Cook County, he was found guilty on two counts and sentenced to the penitentiary for a term of one to three years.

The issues on appeal are whether he was found guilty beyond a reason-

able doubt, and whether he was properly convicted on two charges arising out of the same conduct.

The complaining witness, Joel Hooper, testified he returned to his apartment at 4840 Washington Boulevard about 9:30 or 10:00 o'clock on the night of June 12, 1971. He discovered the burglar chain was on the front door so he went around to the back. He discovered a window was broken and his estranged wife, Francis, his wife's niece, Brenda Lee, her boy friend, Paul Smith, his sister-in-law and one other man were loading furniture into a truck.

He stated he had given his wife permission to move the things but only if he or the landlord were there to let her in. When he told them all to leave, the defendant pulled out a gun, said he would "blow my brains out," and then began firing. Hooper was shot seven times: twice in the head, twice in the stomach, once in the back, once in the arm, and once in the leg. He was also stabbed once under the right arm. Hooper testified he was able to run out the front door and enlist the aid of a man and woman passing by to drive him to the hospital, where he stayed for two and one-half weeks.

Brenda Lee, who was six months pregnant at the time, had lived with Hooper and his wife for two years prior to their separation six months before the shooting. She testified for the defendant that Hooper had pulled the gun and grabbed her mother around the neck. When she jumped at him the gun went off and shot her in the thumb. She fell and Hooper began to kick her. The defendant then walked in the door and began struggling with him. She left through the back door with her mother and heard several shots, but did not see who fired them.

The defendant testified he walked into the apartment and discovered Hooper kicking Brenda Lee. Hooper then jumped at him and they began struggling, during which time Hooper was shot seven times. He stated Hooper had the gun in his possession at all times, and he never touched it. He said he left Hooper on the floor and took Brenda Lee to the hospital.

The defendant contends he was not proved guilty beyond a reasonable doubt because Hooper's story is inherently unbelievable, uncorroborated, and contained many inconsistencies. Hooper had testified variously he heard seven shots fired, and then he became unconscious after being hit with the first two shots in the head. He told the grand jury he did not talk to any police while in the hospital, but at trial he stated there were police at the hospital when he arrived.

■■ After reviewing the entire record we find these and other specified inconsistencies are not material to the central fact that Hooper was shot seven times and stabbed once, during which time the defendant claims

820

to have never touched the gun. The defendant does not explain how Hooper shot himself in the back or how he managed to stab himself.

■■ We agree with the defendant's contention he should not have been convicted on two charges, one for battery resulting in great bodily harm and one for battery with a deadly weapon, because they arose out of the same conduct. *People v. Stewart*, (1970) 45 Ill.2d 310.

For these reasons the judgment of the Circuit Court of Cook County as to battery with a deadly weapon is affirmed and the judgment as to the aggravated battery is reversed.

Affirmed in part and reversed in part.

ADESKO and JOHNSON, JJ., concur.