THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ERSKINE SANKEY, Defendant-Appellant.

(No. 58944;

First District (4th Division)—March 13, 1974.

Paul Bradley, Deputy Defender, of Chicago (Martin Carlson, Assistant Appellant Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Kenneth L. Gillis and Jerald A. Kessler, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Erskine Sankey, was charged in a four-count indictment with armed robbery, attempted murder and two counts of aggravated battery. Following a bench trial in the Circuit Court of Cook County the defendant was found guilty of armed robbery and attempted murder, and he was sentenced to two concurrent terms of 5 to 15 years in the penitentiary.

The issues for review are whether the two offenses arose out of the same conduct; whether the minimum term of the sentence must be reduced pursuant to the provisions of the Unified Code of Corrections; and whether the maximum term of the defendant's sentence is excessive and should be reduced.

The complaining witness, an 84-year-old man, testified he was returning to his apartment after having paid his rent and had $80 in his pocket. He was struck from behind on his head and fell to the floor, where he was struck several more times. He was taken to the hospital, where he received a total of 121 stitches.

After trial and during the hearing in aggravation and mitigation, the defendant admitted he and his sister-in-law had gotten drunk and planned to take the old man's money. He stated he threw him down and hit him with a wrench. The defendant contends his sole objective in striking the victim was to assist his sister-in-law in the robbery.

He expressed remorse for what he had done, stated he had a drinking problem at the time of the offense but had not had a drink since January of 1972. The defendant was 34 years old, with no prior felony conviction, was married and had seven children. Prior to his arrest he had been steadily employed.

Before imposing sentence the judge stated he was impressed by the defendant's conduct during the trial and his background, and he had no doubt that if he were placed on probation, there would be no further problem. However, he also stated he had a responsibility to protect society and on that basis sentenced him to a term of 5 to 15 years. The penalty for armed robbery at the time of sentencing was any indeterminate term with a minimum of not less than 5 years (Ill. Rev. Stat. 1971, ch. 38, § 18—2), and the penalty for attempted murder was not to exceed 20 years (Ill. Rev. Stat. 1971, ch. 38, § 8—4(c)).

Under the Unified Code of Corrections both attempted murder and armed robbery are Class 1 felonies for which the minimum term is 4 years "unless the court, having regard to the nature and circumstances

of the offense and the history and character of the defendant, sets a higher minimum term."

The defendant contends the convictions for armed robbery and attempted murder were based on the same conduct and the conviction for the lesser offense must be reversed. Although at the present time both crimes are classified as Class 1 felonies, at the time they were committed the defendant argues that the sentence for armed robbery was potentially greater and, therefore, the conviction for attempted murder should be reversed.

In the case of *People v. Prim* (1972), 53 Ill.2d 62, the defendant and three codefendants boarded a bus, announced that it was a holdup, and money was taken from the passengers. When one of the passengers resisted, she was shot and killed. The court held that the two crimes of attempted armed robbery and murder arose out of the same conduct and a single sentence should have been imposed; that being for the more serious offense of murder. Also, see *People v. Stewart* (1970), 45 Ill.2d 310.

■■ In the case at bar, the injuries inflicted on the complainant were for the purpose of effectuating the robbery; therefore, only a single sentence is proper. Because both convictions are Class 1 felonies and the injuries inflicted were for the purpose of carrying out the robbery, the conviction for attempted murder should be reversed. Inasmuch as the minimum term for a Class 1 felony is 4 years, and the defendant had no prior record, the minimum sentence is reduced to 4 years.

The judgment is affirmed as modified, that is, 4 years to 15 years. The judgment of guilty of attempted murder is reversed.

Affirmed in part and reversed in part.

ADESKO, P. J., and JOHNSON, J., concur.