People of the State of Illinois, Plaintiff-Appellee, v. Raymond Pahl, Defendant-Appellant.

Gen. No. 53,783.

First District, Second Division.

April 28, 1970.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Herbert Becker, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Patrick T. Driscoll, Jr., Assistant State's Attorneys, of counsel), for appellee.

MR. PRESIDING JUSTICE McCORMICK delivered the opinion of the court.

At a bench trial the defendant was found guilty of aggravated battery and sentenced to a term of four to ten years in the penitentiary. Although the defendant had been charged with both attempted robbery and aggravated battery, and although the trial judge said there would be a finding of guilty on both counts, no judgment was ever entered on the charge of attempted robbery. The State's Attorney admits in his brief that "The common-law record indicates that the defendant was found guilty only of aggravated battery." We are asked, however, to resolve the conflict between the common-law record and the report of proceedings and to find that the defendant was guilty of both charges. This matter is not properly before us.

■ ■ In People v. Williams, 27 Ill2d 327, 189 NE2d 314, the common-law record indicated that the defendant was entitled to be discharged under the four-months statute. The State argued that the defendant himself had requested continuances and consequently waived his right to the protection offered by the statute. In the opin-

ion the court stated at page 329: "Although the common-law record imports verity and is presumed correct, where other facts appearing in the bill of exceptions are contradictory, this court will consider the matter upon the record as a whole." Apparently, the presumption that the common-law record is correct is called into question only when by way of a bill of exceptions (or, under today's procedures, a post-trial motion) is the validity of some aspect of the common-law record questioned. Unless that is done the presumption that the common-law record is correct, governs. In the instant case there was no post-trial motion regarding this aspect, and therefore, it is improper to impeach before this court the verity of the common-law record. The State had the burden to bring the alleged error to the attention of the trial court.

██ We believe the rule laid down in the Williams case is applicable only in those situations where the alleged inconsistency concerns some matter other than the very question of whether or not a judgment had been entered. When the common-law record does not show a judgment there is nothing from which an appeal can be taken, and unless, upon a proper showing the error is rectified by a nunc pro tunc order, this court cannot consider the nonexistent judgment. We find that the trial court's jurisdiction over the attempted robbery charge was not cut off by the defendant's filing a notice of appeal, since appeals are being brought only from appealable orders or judgments entered by the trial court. In the instant case no appealable order or judgment was entered with reference to the attempted robbery charge. The defendant was adjudged guilty of aggravated battery and nothing else.

The record shows that the complaining witness, William Gray, testified that in the early morning hours of February 26, 1967, as he sat in his car in a parking lot in Calumet City, defendant Pahl knocked on the window and asked to borrow a jumper to start his car. Gray got out

to get it from the trunk and the defendant said, "This is a holdup, give me your money." Gray hesitated, and the defendant struck him, knocking a hole in his head and breaking his nose and cheek bone. When Gray tried to fight back, two other men came to defendant's assistance, and the three men beat Gray and broke his shoulder. The three assailants then went to their car and brought it back to the scene. Defendant Pahl got out of the car, but started running down an alley when he saw that police had arrived.

Gray testified that his shoulder had never been injured before the beating; that as a result of the beating he was hospitalized for eleven days and surgery was required. He testified on cross-examination that after the defendant struck him they grappled for a few minutes, and that when the defendant got loose from him someone struck Gray on the shoulder. He did not know precisely where the defendant was at that moment since "licks were flying from every direction"; however, he stated that the defendant was not back at his car or on the way to it. He could not pinpoint where any one of the three was, but he was aware of the presence of them all, and later all three left together after the beating. Gray also noted that after the first blow had been struck by Pahl and before any further beating occurred, he wiped his eyes to clear his vision and discovered that his face was bleeding.

Defendant Pahl testified on his own behalf that two men and two women were with him in his car on the evening in question; that he approached Gray's automobile and asked him for a dollar because his car needed gas. He stated that Gray was drunk and became angry. (Gray had testified that he had had two beers that evening.) The defendant further testified that Gray jumped out of the car and reached for him; that the defendant struck him in the forehead; and that Gray fell against his car, grabbing at defendant's ankle as he started to run. The

defendant, after freeing himself, ran past his car in which he saw the two men who had been with him earlier, and was soon stopped by the police.

Defendant first argues that he was not proved guilty beyond a reasonable doubt. Aggravated battery is defined in Ill Rev Stats 1967, c 38, § 12–4(a) as a battery causing "great bodily harm, or permanent disability or disfigurement." Defendant urges that the State has failed to prove beyond a reasonable doubt that the injuries sustained by Gray justify the conclusion that they were caused by an aggravated battery instead of by a simple battery. Gray had testified that defendant's blow knocked a hole in his head and broke his cheek bone. In his brief the defendant suggests that Gray is not competent to testify concerning fractured bones; therefore, his testimony is not sufficient to sustain a finding that he sustained "great bodily harm."

While it would be helpful to have included a doctor's report or testimony in the record regarding the nature and extent of the injuries in question, such evidence is not required in all cases. Gray's testimony regarding his injuries was not objected to in the trial, and the objection to it is made for the first time in this court. Defendant's failure to object to Gray's testimony would be sufficient reason to reject defendant's argument on this point. However, there was corroborating testimony.

It stands as admitted that Gray was hospitalized for eleven days as a result of the beating; that surgery was performed on Gray's right shoulder; that the arresting officer had visited Gray in the hospital within an hour after the beating and that Gray "was bleeding about the head, his nose, and he complained of his shoulder hurting him very bad." All of these elements lend credence to Gray's uncontradicted testimony regarding the severity of his injuries. The defendant argues that "the record is barren of any evidence establishing a

causal connection between the victim's shoulder injury and hospitalization and the single blow struck by Raymond Pahl." We believe it entirely proper to consider the testimony regarding the shoulder injury, and that no showing was required to prove that the shoulder injury was related to defendant's blow. The State was not required to prove it was Pahl who actually inflicted the injury before the fact of the injury could be used against Pahl.

■ Under Illinois law (Ill Rev Stats 1967, c 38, § 5-2 (c)), one is accountable for the criminal activities of another when

> "Either before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense."

Just as it was held in People v. Rudecki, 309 Ill 125, 140 NE 832 (1923), that a shot fired by one member of the mob carried its criminal consequences for all members, so, too, in the instant case the blow of any one of the three men carried its consequences to all members of the group, since all participated in the criminal activity. Gray testified that Pahl was one of the three who attacked him, and the criminal act of any one of the other two is attributable to Pahl.

The facts in the instant case are quite different from those in People v. Sparling, 83 Ill App2d 104, 426 NE2d 54, in which the defendant was charged with rape and aggravated battery. The court reversed both convictions. In that case, concerning the aggravated battery charge, there was testimony that the woman had sustained injuries which required surgical attention, but there was no testimony that the defendant had inflicted the injuries in question. The complaining witness testi-

fied to no acts of physical violence committed by the defendant, and the attending physicians offered no opinions as to the cause of the injuries. Hence, the court was left to conjecture and speculation as to the cause of the injuries, and reversed the conviction of aggravated battery since there was no proof that the injuries were the result of any criminal act at all.

■ In the case before us, however, the complaining witness testified that the defendant struck him in the face, causing severe injuries, and that the defendant, aided by two other men, continued to beat him. Under these facts there was sufficient proof that the defendant had committed aggravated battery upon Gray because he had struck him, and also because of his criminal association with the two other men who also beat Gray.

■ The defendant argues that since Gray's testimony was contradicted it was not worthy of belief. The alleged contradictions involved such questions as whether Gray was first struck while he was inside or outside the car; whether Gray intended to allow the defendant to use his jumper cables, and similar matters. Much of the supposed impeaching testimony comes from the police officer who had visited Gray in the hospital the night of the occurrence. He testified to what Gray had told him; that Gray was bleeding and complaining of pains in the shoulder. It would not be justifiable to blame the victim for failing to give an absolutely lucid account of events under such conditions. Further, the alleged inconsistencies are so unimportant that even granting them to be true, it could not be said that the witness was impeached and his testimony unworthy of belief.

■ ■ The defendant also argues that the trial judge misunderstood the evidence and entered a guilty finding on that basis. The only "misunderstanding" cited was the court's statement that the defendant had testified he told the victim he was out of gas, when the actual testi-

184

mony was that the defendant had said he was almost out of gas. We cannot understand how this statement is at all relevant to the issue of defendant's guilt or innocence, or how reliance on the "misunderstanding" could have resulted in any different verdict. In any case, the trial court's judgment—not the reasons assigned for the judgment—is up for review. If the judgment is correct this court will not disturb it, whether the judgment was arrived at for the right or wrong reasons. Campbell v. Powers, 139 Ill 128, 135, 28 NE 1062 (1891); People v. Thomas, 15 Ill2d 344, 348, 155 NE2d 16; People v. Garrett, 115 Ill App2d 333, 340, 253 NE2d 39.

■■■ Finally, we are asked to invoke our authority under Supreme Court Rule 615(b)(4) and to reduce the sentence imposed by the trial court. By statute the offense of aggravated battery is punishable by a sentence of from one to ten years; in the instant case the defendant was sentenced to four to ten years. The power to reduce a sentence is preserved for those cases in which the punishment imposed is excessive. Considering the nature of the particular crime and the facts and circumstances with reference to the brutality involved, the potential for rehabilitation, and any other relevant questions in the case before us, we believe that a reduction of sentence by this court is not warranted, and that our interference with the sentence would be improper.

The defendant's conviction for aggravated battery is affirmed.

Affirmed.

LYONS and BURKE, JJ., concur.