708

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHNNY
HOLMES *et al.*, Defendants-Appellants.

(No. 55755;

First District—May 3, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Saul H. Brauner, Ronald P. Katz, and James J. Doherty, Assistant Public Defenders, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and S. Paul Naselli, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from judgments entered in the Circuit Court of Cook County.

Defendants, Charles Dennis, Clyde Gunn and Donald Frisco, were indicted for the crimes of attempted escape and attempted murder. Defendant Clyde Gunn was also indicted for the crimes of aggravated battery causing great bodily harm and aggravated battery using a dangerous weapon. After a jury trial in the Circuit Court of Cook County, the defendants were found guilty as charged. The trial court sentenced all defendants to terms of 15 to 20 years for attempted murder and seven to ten years for attempted escape. The terms are to run consecutively to each other and consecutively to any terms they are now serving. The trial court further sentenced Clyde Gunn to terms of eight to ten years for aggravated battery causing great bodily harm and one to five years for aggravated battery using a dangerous weapon. These terms are to run concurrently with the other sentences.

[The appeal of defendant Johnny Holmes, previously joined herein, was dismissed prior to presentation of oral arguments.]

The issues presented on appeal are whether the defendants were proven guilty beyond a reasonable doubt of the offense of attempted murder, and whether defendant Clyde Gunn was proven guilty beyond a reasonable doubt of aggravated battery as charged in the indictments.

On March 25, 1969, the defendants were incarcerated in the maximum security section of the Cook County Jail. At the trial, Charles Dunigan, who was then a sergeant in charge of the basement area of Cook County Jail, testified that on the date in question, Officer Charles Plakas was in charge of the maximum security section of the jail which is located in the basement area. Eight prisoners were in the section on that date, three of them were the defendants.

The maximum security section is separated from the rest of the basement area by a metal door. In this section there are three cells, Cells Nos. 1, 2, and 3, respectively. At approximately 3:00 P.M., on the date in question, defendants Charles Dennis and Donald Frisco, and two other inmates, were in Cell No. 3. Defendant Clyde Gunn was not present but was in the course of returning to the maximum security section after having been in court.

Sergeant Dunigan testified he proceeded with Officer Sellers to the maximum security section to transfer the inmates of Cell No. 3. After opening Cell No. 3, Officer Sellers attempted to escort one of the inmates to Cell No. 1. At this time Officer Sellers was attacked by the inmate and a sharp object was placed at his neck. The inmate threatened to kill Officer Sellers if Sergeant Dunigan moved. While this was occurring, another inmate and defendants Frisco and Dennis came out of Cell No. 3. Defendant Frisco had a sharp object in his hand, subsequently identified as a spoon handle sharpened to a point.

Sergeant Dunigan further testified that one of the inmates involved held a razor affixed to a toothbrush handle to his neck and told him he would kill him if he moved. Defendants Dennis and Frisco, as well as another inmate, then subdued Officer Sellers.

Defendants Dennis and Frisco removed the keys to Cell No. 2 from Sergeant Dunigan and released another inmate from the cell. The inmate whom they released was carrying a "zip gun." Sergeant Dunigan and Officer Sellers' uniforms were then removed by defendant Dennis and the two officers were handcuffed to Cell No. 3.

While this was occurring, Officers Hatcher and Pierson were then escorting defendant Clyde Gunn to the maximum security section of the jail. Both guards testified substantially the same as to the next events: Officer Hatcher was standing at the door to the maximum security

section. One of the inmates swung a chain which struck him over the right eye. Defendant Gunn simultaneously attacked the officer with his fist, striking him in the mouth. Officer Hatcher further testified his lip was injured and he sustained injuries to the inside of his mouth.

Shortly thereafter, the Superintendent of Cook County Jail, Winston Moore, his assistant, Charles English, and a number of guards responded to a radio call that a guard was in need of help and they proceeded to the maximum security section. The superintendent testified to a struggle between himself, his assistant and the inmates in which the inmates were restrained. In addition, various items including a heavy metal chain, double-edged razor blades, a toothbrush handle with a razor affixed to one end, a spoon handle sharpened to a point and a block of wood with a metal tube affixed to it were recovered.

Subsequent to these events, the defendants were tried as charged before a jury, found guilty and sentenced. It is from these findings by the trial court that defendants herein appeal.

Defendants contend they were not proven guilty beyond a reasonable doubt of the offense of attempted murder. As a basis for their claim, defendants first contend the State did not prove all the elements of attempted murder.

■■■ Two elements must be present to constitute an attempt: (1) intent to commit a specific offense, and (2) an act which is a substantial step toward the commission of that offense. (Ill. Rev. Stat. 1967, ch. 38, par. 8—4.) As to the element of specific intent, the Supreme Court in *People v. Koshiol* (1970), 45 Ill.2d 573, stated:

> "* * * the law is well settled that intent is a state of mind, and, if not admitted, can be shown by surrounding circumstances, and intent to take life may be inferred from the character of the assault, the use of a deadly weapon and other circumstances."

■■ Based on the character of the assault and the threatened use of a deadly weapon on Sergeant Dunigan, we believe the requisite intent is present in the instant case.

■■ The defendants also claim no substantial step to commit murder was shown by the State. They base their claim upon the fact that Sergeant Dunigan was not bruised, cut or injured in any manner so as to come within the elements of murder. In *People v. Paluch* (1966), 78 Ill.App.2d 356, the court, in discussing the element of attempt, stated:

> "In order to constitute an attempt, it is not requisite that the act of the defendant is necessarily the last deed immediately preceding that which would render the substantive crime complete."

■■ In the instant case the evidence is uncontroverted that a razor was put to Sergeant Dunigan's neck and his life was threatened. Based on

this evidence, we believe the State has shown the defendants took a substantial step to commit murder.

A second contention presented by the defendants in claiming the State did not prove them guilty beyond a reasonable doubt of attempted murder is the State failed to prove accountability and community of purpose among the defendants.

■■ The record reflects the defendants took affirmative steps to arm themselves and participate in the events of the attempted escape. The record also reflects the defendants lent their countenance and approval to the crime. We see no reason to doubt the defendants all were attempting to escape. In light of this fact, any crime committed by one of their number in bringing about that escape was the act of all. The attempted murder of Sergeant Dunigan was in the course of the attempted escape, therefore all the defendants are accountable.

■■ The second issue presented for review is whether defendant Clyde Gunn was proven guilty beyond a reasonable doubt of aggravated battery. Defendant Gunn bases his claim on three points. The first point is, the testimony of Officer Hatcher to the effect that defendant Gunn hit the officer in the mouth with his fist is not corroboated by any other witnesses. In *People v. Harris* (1971), 70 Ill.App.2d 173, the court stated:

"The testimony of one witness alone, if it is positive and the witness credible, is sufficient to convict, even though the testimony is contradicted by the accused."

Defendant Gunn's second contention is, he did not use a dangerous weapon, hence his conviction for aggravated battery using a dangerous weapon is groundless.

■■ Evidence presented at the trial showed one of the other inmates struck Officer Hatcher with a metal chain. The evidence further shows that while the other inmate was striking Officer Hatcher, defendant Gunn was standing to the rear of the officer holding him, after which he struck the officer in the mouth with his fist.

Under Illinois law one is accountable for the criminal activities of another when:

"Either before or during the commission of an offense, and with intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense." Ill. Rev. Stat., 1967, ch. 38, par. 5—2(c).

Although the defendant did not strike the blow in the instant case, by reason of the aforementioned statute he is accountable for the actions of the inmate who did strike Officer Hatcher with the chain. The defendant not only participated in the event by holding Officer Hatcher but

added to the injury by his subsequent striking of the officer with his fist. ██ Defendant Gunn's third contention is, the State did not produce medical testimony as to the extent of Officer Hatcher's injuries. In *People v. Pahl* (1970), 124 Ill.App.2d 177, the court, in affirming a conviction for aggravated battery, said:

"While it would be helpful to have included a doctor's report or testimony in the record regarding the nature and extent of the injuries in question, such evidence is not required in all cases."

In view of the decision in *People v. Pahl, supra,* we find defendant Gunn's contention regarding medical testimony to be without merit. Moreover, we find defendant Gunn's entire claim that he was not proven guilty beyond a reasonable doubt of aggravated battery as charged to be without merit. All the defendants were proven guilty beyond a reasonable doubt, and we find no error in the record.

For the reasons stated herein, the judgments of the Circuit Court of Cook County are affirmed.

Judgments affirmed.

BURMAN and ADESKO, JJ., concur.