THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMY BROWN, Defendant-Appellant.

(No. 57240;

First District (5th Division)—August 3, 1973.

James J. Doherty, Public Defender, of Chicago, (Stanley Sacks, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Kurt P. Klein, Assistant State's Attorneys, of counsel,) for appellee.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

Defendant was charged with four counts of aggravated assault and two counts of unlawful use of weapons. After a bench trial he was found guilty and sentenced for two terms of three to five years on each of two counts for aggravated assault and of three to six years on one count of unlawful use of weapons, with all sentences to run concurrently.

On appeal defendant contends:

1. that he was not proven guilty of the offense of aggravated assault of Robert Vanna (Count II) beyond a reasonable doubt,
2. the concurrent sentences on the two offenses of aggravated assault were improper because they arose from the same conduct, and
3. the sentence for a term of three to six years on Count V for the offense of unlawful use of weapons was improper.

It was the testimony of the two police officers that they were in plainclothes in an unmarked automobile when at about 11:20 P.M. they stopped to question three men, one of whom was defendant. As officer Filipiak exited the automobile defendant started to walk away and Filipiak told him, "Hold it, police officers," at which time defendant began to run. Filipiak pursued him on foot and was immediately joined by officer Vanna. As defendant was running through a lighted viaduct, Filipiak was about 70 to 75 feet behind him with Vanna about 10 to 15 feet behind Filipiak, he pulled out a black object from his waistband which Vanna testified appeared to be a gun. As he reached the end of the viaduct defendant turned around and fired a shot at the police officers. Only one shot was fired. Filipiak testified that he saw the flash from the gun. Vanna testified that he heard the shot. Filipiak ducked

behind a pillar after the shot was fired and Vanna then returned to their automobile to get his radio. Both officers testified that during the chase and before the shot was fired, Filipiak continued to yell to defendant, "Hold it, police officers." After Filipiak came out from behind the pillar he continued his chase but lost sight of defendant. Seconds after the shot was fired police officers Beilke and Crotty met Filipiak who gave the two officers a description of defendant and about fifteen minutes later Beilke and Crotty saw a man of similar description on the second floor landing of a building in the vicinity of the occurrence. They eventually apprehended defendant and found a .22-caliber revolver on the landing where he had been standing. The officers had previously observed defendant remove a black object from his waistband and drop it to the floor of the landing. One empty cartridge was found and another bullet had misfired.

Defendant testified that he was standing at a street intersection talking to two other men when a car pulled up and two men jumped out with guns drawn and he ran. He testified that it was almost 12:00 A.M. and one of the conditions of his parole was that he be in at that time and for this reason he ran. He denied having any weapon or shooting at the officers.

*OPINION*

I

Defendant's first contention relates to the elements of the charge of aggravated assault[1] (Ill. Rev. Stat. 1969, ch. 38, pars. 12—1(a) and 12—2(a)(1)). He argues that although it may have been reasonable to assume Filipiak was placed in apprehension of receiving bodily harm, he contends that the same conclusion is not warranted in the case of Vanna. He points out that Vanna did not testify that defendant shot at him or that he was placed in apprehension of bodily harm. He suggests that the essence of Vanna's testimony is that he saw defendant, from approximately 90 feet away, reach into his belt and take out an object, which the officer could not say was a gun, and then he heard a shot and saw his partner jump behind a pillar and he contends that this testimony falls far short of proving him guilty of the aggravated assault of Vanna beyond a reasonable doubt.

We note that Vanna also testified that he saw defendant with what appeared to be a gun and that the shot came from defendant at a time

---

[1] Sec. 12—1. Assault. (a) A person commits an assault when, without lawful authority, he engages in conduct which places another in reasonable apprehension of receiving a battery.

Sec. 12—2. Aggravated Assault. (a) A person commits an aggravated assault, when, in committing an assault, he: (1) Uses a deadly weapon; * * *.

when Vanna was 10 to 15 feet behind Filipiak and both were pursuing defendant through a well lighted viaduct.

██ It is well established that in a bench trial the credibility of witnesses and the weight to be given their testimony is within the province of the trial judge and any decision as to these matters will not be set aside by a reviewing court unless the proof is so unsatisfactory as to create a reasonable doubt as to defendant's guilt. *People v. Pagan,* 52 Ill.2d 525, 288 N.E.2d 102.

The trial judge found that both officers were placed in reasonable apprehension of receiving a battery when the gun was fired in their direction. We believe that it was reasonable for him to have so found and we think it was reasonable for the officers to believe that defendant, having already fired a shot, would shoot again to effect his escape and, as the evidence of a misfired bullet indicated, he may, in fact, have tried to do so. The trial judge, under those circumstances, could permissibly infer that each of the officers was also placed in reasonable apprehension of a battery by the expectancy of another shot.

For the reasons stated, we do not believe the proof is so unsatisfactory as to create a reasonable doubt of defendant's guilt of the offenses of aggravated assaults of officers Filipiak (Count I) and Vanna (Count II) and we affirm the judgments of conviction.

## II

██ Defendant next contends that the concurrent sentencing for the two aggravated assaults was improper because they arose from the same conduct. He points out, and we agree, that since *People v. Schlenger,* 13 Ill.2d 63, 147 N.E.2d 316, it has been the rule that where offenses result from the same conduct a defendant may not be sentenced on more than one, either concurrently or consecutively. He argues here that, inasmuch as the aggravated assaults on both officers resulted from a single shot, and arose out of the same motivation, that is, to escape from the officers, they resulted from the same conduct and came within the *Schlenger* rule.

██ By the terms of section 1—7(m) of the Criminal Code (S.H.A., ch. 38, par. 1—7(m)), it is provided that when a person has been convicted of two or more offenses which did not result from the same conduct, either before or after sentence has been pronounced on him for either, the court, in its discretion, may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses. According to the Committee Comments, par. 1—7(m) was intended to codify the holding in *Schlenger* "by the implicit converse of the provisions stated,

i.e., if the offenses resulted from the same conduct defendant may not be sentenced on both, either concurrently or consecutively."

Conduct is defined by statute as "an act or a series of acts and the accompanying mental state", Ill. Rev. Stat. 1971, ch. 38, par. 2—4.

Here we are concerned with a situation in which a single act, the firing of a shot, resulted in separate offenses against two victims. No decisions directly in point were provided by either party. Defendant has cited a number of authorities, all of which concern multiple charges involving only one defendant and one victim. The State argues that it was not the intent of the legislature to ban concurrent sentencing of an individual who causes distinct wrongs to more than one person through one act, but it offers no authority in support thereof.

A review of the decisions involving multiple convictions since the enactment of par. 1—7(m) disclose they have settled into two general categories; (1) those where the offenses arose from a single act which have held the defendant may not be sentencd on more than one, either concurrently or consecutively (*People v. Duszkewycz*, 27 Ill.2d 257, 189 N.E.2d 299 (rape—incest); *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24 (aggravated battery—attempt robbery); *Chicago v. Hill*, 40 Ill.2d 130, 238 N.E.2d 403 (disorderly conduct in obstructing traffic)); and (2) those where the offenses, although closely related in time, were separate and distinct and involved more than a single act, which have held that concurrent or consecutive sentencing is proper. *People v. Raby*, 40 Ill.2d 392, 240 N.E.2d 595 (disorderly conduct—resisting arrest); *People v. Johnson*, 44 Ill.2d 463, 256 N.E.2d 343 (rape—burglary); *People v. Harper*, 50 Ill.2d 296, 278 N.E.2d 771 (rape—robbery).

██ The cases have also held that the motivation of a defendant is significant. In *People v. Stewart*, 45 Ill.2d 310, 259 N.E.2d 24, there were charges of aggravated battery and attempt to commit robbery. In vacating the sentence on the lesser charge of attempted robbery, the court stated at p. 313:

> "Nothing in the record in this case suggests that the acts which constituted the offense of aggravated battery were independently motivated or otherwise separable from the conduct which constituted the offense of attempted robbery."

In *People v. Whittington*, 46 Ill.2d 405, 265 N.E.2d 679, defendant, in escaping from jail, commandeered an automobile and was sentenced on charges of escape and theft. In holding that he was improperly sentenced on the theft charge, the court stated at p. 409:

> "Our review of the record reveals that petitioner stole the motor vehicle on prison grounds as part of his plan to escape. Accordingly, the theft was not 'independently motivated or otherwise'

separable' from the conduct which constituted the offense of escape."

In *People v. Lerch,* 52 Ill.2d 78, 284 N.E.2d 293, defendant, in attempting a jail escape with others, severely beat a jailer. The Appellate Court, Third District (131 Ill.App.2d 900), affirmed convictions with separate sentences for attempted escape and aggravated battery. That court concluded they were separate actions necessarily involving different intent and it reasoned that, although the general motivation was obviously to escape, the battery was a crime against the individual and was an independent and otherwise separable act from the offense of escape which was a crime against the State. However, the Supreme Court reversed holding that the offenses arose from a single act and it did not consider the question raised by the appellate court as to whether the one sentence principle should apply where the single act results in offenses against two or more persons.

In *Lerch,* the Supreme Court considered certain language in the indictment to be controlling, stating at p. 81:

> "[T]he criminal conduct describing his attempted escape is identical with the conduct specified in the count for aggravated battery, i.e., the attack upon the jailer. Under circumstances where defendant is charged with multiple offenses which arose from a single act, as charged in the present indictment, we are compelled to vacate his sentence for attempted escape which is the less serious offense." (Emphasis added.)

In the instant case, as in *Lerch,* the aggravated assault charges in the indictment (Counts I and II) are identical. They charge that defendant:

> "[C]ommitted the offense of aggravated assault in that he, without lawful authority, and by use of a deadly weapon; to-wit: a gun, engaged in conduct which placed (Filipiak in Count I and Vanna in Count II) in reasonable apprehension of receiving a battery; to-wit: bodily harm * * *."

■■ In view thereof, we believe the aggravated assaults on the police officers here were part of a single act, the firing of a shot, and that they were not independently motivated inasmuch as they were the result of defendant's desire to thwart the pursuit of the officers. We conclude that the judgment is improper, insofar as it included sentences for two offenses of aggravated assault and, accordingly, we vacate the sentence for the offense of aggravated assault of Robert Vanna (Count II).

■■ The offense of aggravated assault is now characterized as a Class A misdemeanor. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 12—2(b).) The Unified Code of Corrections provides that the sentence for a Class A misdemeanor should not be greater than "for any term less than one

year." (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—3(a)(1).) Here the sentence of three to five years imposed for the offense of aggravated assault of Boleslaw Filipiak (Count I) is greater and since this cause had not been finally adjudicated on January 1, 1973, the effective date of the Unified Code of Corrections, defendant is entitled to the benefits of its provisions which would lessen his sentence. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1008—2—4. *People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269.) Accordingly, we vacate the sentence for the offense of aggravated assault of Boleslaw Filipiak (Count I) and this cause is remanded with directions to resentence in accordance with the provisions of the Unified Code of Corrections cited above in this paragraph.

### III

Finally, defendant contends he was improperly sentenced for a term of three to six years under Count V which charged the misdemeanor offense of carrying a concealed weapon, having a maximum sentence under Ill. Rev. Stat. 1969, ch. 38, par. 24—1(b), of a fine not to exceed $500 or imprisonment in a penal institution other than a penitentiary not to exceed one year, or both. The State, in response, points out that defendant was found guilty as charged in the indictment, which includes all six counts, and it contends the trial court inadvertently sentenced under Count V [2] when it intended to sentence under Count VI.[3] A violation of this offense called for imprisonment of from one to ten years. (Ill. Rev. Stat. 1971, ch. 38, par. 24—1(b).) The proof established that defendant had previously been convicted of armed robbery in 1969 and sentenced for a term of two to three years. He was on parole from that sentence at the time of the occurrence here.

The State contends, and the report of proceedings so indicates, that the trial judge on November 24, 1971, made an oral finding that defendant was guilty as charged in the indictment which includes all six counts. However, the common law record entry of November 24, 1971, discloses defendant was found guilty as charged in Counts I, II and V. Subsequently, on December 16, 1971, after a hearing in aggravation and mitigation, the court made an oral finding, appearing in the report of proceedings, as follows:

"[A]fter hearing the evidence the court found the defendant guilty of Count I and Count II of the indictment which charged

---

[2] The offense of unlawful use of weapons. Ill. Rev. Stat. 1969, ch. 38, par. 24—1(a)(4).

[3] The offense of knowingly carrying on his person a revolver and the added charge that he had been convicted of a felony within the preceding 5 years. Ill. Rev. Stat. 1969, ch. 38, pars. 24—1(a)(4) and 24—1(b).

aggravated assault and Count V of the indictment which charges unlawful use of weapon * * *."

The common law record entry of December 16, 1971 discloses that the court sentenced defendant to terms of three to five years for the offenses of Counts I and II and to a term of three to six years "on the finding of guilty, heretofore entered and the judgment heretofore rendered to the indictment in this cause for the crime of unlawful use of weapons in manner and form as charged in Count V of the indictment."

■■ Although the common law record imports verity and is presumed correct (*People v. Cleggett*, 22 Ill.2d 471, 177 N.E.2d 187; *People v. Pahl*, 124 Ill.App.2d 177, 260 N.E.2d 405) where there are other facts appearing which are contradictory, this court should consider the matter upon the record as a whole. *People v. Williams*, 27 Ill.2d 327, 189 N.E.2d 314.

In our review of the entire record we note the oral finding of November 24, 1971, in the report of proceedings that defendant was found guilty as charged in the indictment. This is in conflict with the common law record entry of that date stating defendant was found guilty as charged in Counts I, II and V. We note also the oral finding and the common law record entry of December 16, 1971, the date of sentence, both stated that defendant was found guilty of Counts I, II and V of the indictment.

In view thereof, and from our further consideration of the record, we cannot accept the contention of the State that the trial judge intended to sentence defendant under Count VI but inadvertently stated Count V. We believe that if such inadvertence had occurred, the State would surely have moved to correct the record.

Accordingly, we affirm the judgment finding defendant guilty of the offense of unlawful use of weapons as charged in Count V of the indictment.

■■ We note, however, that this offense is now characterized as a Class A misdemeanor. (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 24—1(b).) Inasmuch as defendant is entitled to the benefits of the Unified Code of Corrections insofar as they lessen his sentence (*People v. Harvey*, 53 Ill.2d 585, 294 N.E.2d 269), and that this Code now provides the sentence for a Class A misdemeanor to be "for any term less than one year" (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—3(1)), we vacate his sentence for a term of three to six years for the offense of unlawful use of weapons as charged in Count V and we remand to the circuit court with directions to resentence in accordance with the provisions of the Unified Code of Corrections cited above in this paragraph.

In its resentencing, the court will undoubtedly want to consider not

only the terms of the sentences to be imposed but also, in the light of the facts of this case, whether, in the interest of justice, they should be concurrent or consecutive.

Judgments affirmed, sentences vacated, remanded with directions for resentencing.

DRUCKER, P. J., and ENGLISH, J., concur.