THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PATRICK LEWIS, Defendant-Appellant.

(No. 57320;

First District (4th Division)—June 27, 1973.

James J. Doherty, Public Defender, of Chicago, (Stanley Sacks, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Kenneth L. Gillis and Sharon Grossman, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Patrick Lewis, was charged with battery and theft, and at a bench trial in the Circuit Court of Cook County he was found guilty on both charges and sentenced to ninety days in the House of Correction on each charge, the sentences to run concurrently.

The issues on appeal are whether the State failed to prove the defendant guilty beyond a reasonable doubt; whether the State presented sufficient evidence to establish bodily harm under the battery complaint; and whether the convictions and sentences for the separate offenses of theft and battery were proper.

The complaining witness, Reva Binder, testified that on February 27, 1972, at 5:30 P.M., she was in front of 2742 West Devon while walking to her son's car. She was approached by two persons, one of whom grabbed her purse. She struggled with him for several minutes before she was dragged to the ground and her purse was ripped out of her hands. She screamed, and her son ran from his car in pursuit of the assailant. She saw them turn a corner, and upon following, discovered her purse on the ground. Her son came back about five or ten minutes later with the defendant. They flagged a passing police car, and all of them went to the police station where she identified the defendant as her assailant.

The defendant testified in his own behalf that he never saw Reva Binder, did not steal her purse, and was waiting for someone on the street when confronted by her son.

The defendant first complains he was not proven guilty beyond a reasonable doubt, because the conditions surrounding the incident were

not conducive to good observation, and the complaining witness was mistaken in her identification.

■■ Reva Binder testified she saw the defendant approach and then struggled with him for several minutes before he was able to drag her to the ground and wrest the purse from her grasp. That was ample time for her to observe the attacker, and her identification was sure and unwavering. It is well settled in Illinois that the positive identification of one credible witness is sufficient to sustain a conviction, even though contradicted by the accused (*People v. Hampton* (1970), 121 Ill.App.2d 76), and the credibility of the witnesses is for the trier of fact to determine, and its finding of guilty will be disturbed only when the evidence is so unsatisfactory as to leave a reasonable doubt of defendant's guilt. (*People v. Glover* (1971), 49 Ill.2d 78.) We find the evidence adduced at trial was sufficient to sustain the judgment.

■■ The defendant also complains the conviction and sentencing for both theft and battery was improper because both were based on the same transaction and the same conduct with no independent motivation. Section 1—7(m) of the Illinois Criminal Code (Ill. Rev. Stat., ch. 38, § 1—7(m)) provides:

> "When a person shall have been convicted of 2 or more offenses which did not result from the same conduct, either before or after sentence has been pronounced upon him for either, the court in its discretion may order that the term of imprisonment upon any one of the convictions may commence at the expiration of the term of imprisonment upon any other of the offenses."

The Committee Comments to that section provide:

> "Subsection (m) is intended to codify the holding in *People v. Schlenger*, 13 Ill.2d 63, 147 N.E.2d 316 (1958), by the implicit converse of the provision stated, i.e., if the offenses resulted from the same conduct, the defendant may not be sentenced on both, either concurrently or consecutively. 'Conduct' is defined in section 2—4 and is used in the sense of 'the same transaction' discussed in *Schlenger, supra*."

In the case of *People v. Stewart* (1970), 45 Ill.2d 310, the defendant was convicted of both aggravated battery and attempt to commit robbery on evidence that he grabbed the complaining witness around the neck, threw him down, and struck him a blow that knocked out several teeth. The Supreme Court reversed the judgment for aggravated battery and affirmed the judgment for attempted robbery after citing subsection (m) quoted above and noting that there was nothing to suggest the acts were independently motivated from the conduct which constituted the offense of attempted robbery. Also, see *People v. Prim* (1972), 53 Ill.2d

62. In the instant case the battery occurred as the defendant struggled with the complaining witness for possession of her purse, and there appeared to be no independent motivation to inflict bodily harm. We hold the judgment on the charge of battery must be reversed, and we need not reach the issue regarding the sufficiency of the evidence on the battery charge.

For these reasons the judgment of the circuit court of Cook County is affirmed in part and reversed in part.

Affirmed in part and reversed in part.

BURMAN, P. J., and JOHNSON, J., concur.