674

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RONALD E. SMICE, Defendant-Appellant.

(No. 74-344;

Second District (2nd Division)—November 20, 1975.

Ralph Ruebner and J. Daniel Stewart, both of State Appellate Defender's Office, of Elgin, for appellant.

Peter J. Woods, Special Prosecutor, of Oregon (Edward N. Morris, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

After a bench trial, defendant was found guilty of two counts of aggravated battery in an incident which occurred on April 13, 1972, and was sentenced to two concurrent terms of 1 to 3 years. He appeals contending that (1) two jury waivers (one for each charge) signed by him as well as by his attorney are not sufficient to show that defendant knowingly and understandingly waived his right to a jury trial, and (2) he was improperly convicted of two offenses arising from the same conduct.

At his initial arraignment on April 15 defendant pleaded not guilty to both charges. The docket entry on that date states that on that date defendant was "furnished with copy of verified complaint and advised of rights and penalties." On that date the Public Defender was appointed

to represent defendant. At the preliminary hearing on April 22, at which defendant and his appointed attorney were present, probable cause was found and defendant was bound over to the grand jury. On May 16 the grand jury returned two indictments for aggravated battery (striking and causing bodily harm to Police Officer John Tice and to Police Officer Lawrence Bethke, knowing each to be engaged in official duties as peace officers). On these indictments defendant was arraigned on May 20 and on that occasion was personally admonished by the trial judge of his right to a jury trial on each count (among other admonishments). Defendant acknowledged that he understood that he had that right, entered pleas of not guilty and stated he desired a jury trial as to both counts. The case was then set for trial on July 22.

On July 15 both the defendant and his attorney signed written waivers of jury trial—one waiver as to each count. The printed form consists of five lines reciting that defendant "in open court, and of his own free will, and in writing, waives his right to a trial by jury  *  *  *  and consents to a trial by the court, without a Jury  *  *  *." In the lower left hand corner appears the following: "THE ABOVE WAIVER of a trial by jury was acknowledged and subscribed to before me, by the above named defendant." The trial judge's signature appears below that on each of the jury waivers.

The evidence at trial included testimony by the two police officers and of the defendant. The police officers, in response to a complaint of an erratic driver in front of a tavern in Mt. Morris, drove to the tavern. Upon their arrival, defendant came out with a beer in his hand. After about 20 minutes of conversation during which the officers told the defendant he would not be permitted to drive home because of his intoxicated condition, and that they would have to arrest him if he tried to do so, defendant became unruly. Officer Tice then placed him under arrest for disorderly conduct and asked defendant to get into the squad car. Defendant refused. Tice started to lead him by the arm and defendant jerked away. Defendant slapped Tice with his left hand, then hit him on the left temple with his fist and knocked off his glasses. Both Tice and Officer Bethke were trying to subdue defendant. After striking Tice, defendant "pivoted right around" and struck Officer Bethke, knocking off his glasses. Tice and Bethke eventually pinned defendant against the hood of defendant's auto and defendant "flexed forward" and threw both of them off, causing Bethke's back to strike against a car fender about two car stalls away. Finally, with additional help, defendant was subdued, handcuffed and taken to jail. Defendant testified he drank about two six-packs of beer and (over a period of two hours) a fifth of whiskey on that date; he remembered talking to Tice and Bethke but did not

remember what was said. He did not remember striking a police officer on that day but said, "I could have."

Defendant contends that the two jury waivers, signed by him and his attorney and acknowledged and subscribed before the trial judge, are insufficient to show that the waivers were made voluntarily, knowingly and understandingly. The record establishes that defendant was admonished of his rights, not only at his initial arraignment on April 15, but again, in great detail, on May 20. On the latter occasion he affirmatively stated that he understood that he had the right to a jury trial and demanded a jury trial as to both counts. That was less than two months before he (and his attorney) signed the jury waivers on July 15.

In *People v. Murrell*, 60 Ill.2d 287, the Supreme Court found sufficient showing in that record of jury waiver because "the waiver was made by counsel in open court in the presence of the defendant, who acquiesced in the waiver." The court in *Murrell* disposed of defendant's contention, which asked the court "to presume from a silent record that the waiver was *not* knowingly and understandingly made," by the following statement:

> "Neither of the defendants in these cases * * * has urged that he wanted or that he was deprived of a jury trial. Also neither defendant urges that he was in any way prejudiced by his counsel's waiver. There is no contention that the waiver was not voluntary. Under these circumstances we will not reverse the convictions. *People v. Dudley*, 58 Ill.2d 57; *People v. Morehead*, 45 Ill.2d 326." 60 Ill.2d 287, 291.

■■ In the case at bar the defendant as well as his counsel signed the two jury waivers and acknowledged and subscribed them before the trial judge. This was approximately seven weeks after a complete and detailed admonition was given defendant of his right to a jury trial, at which time he had demanded a jury. Moreover, as in *Murrell*, neither has this defendant "urged that he wanted or that he was deprived of a jury trial," nor "that he was in any way prejudiced by" his own or "his counsel's waiver," and defendant does not contend "that the waiver was not voluntary." Under such circumstances there is no basis for attacking the sufficiency of the jury waivers in the case at bar.

■■ We next consider defendant's argument that he was improperly convicted of two offenses arising from the same conduct. We agree. The series of acts outside of the tavern after Police Officers Tice and Bethke placed defendant under arrest and tried to get him into the squad car was all part of a single transaction and did not consist of acts which were "independently motivated or otherwise separable." *People v. Stewart*, 45 Ill.2d 310, 313; *People v. Whittington*, 46 Ill.2d 405, 409-410.

For the reasons stated the judgment entered on the offense of aggravated battery with respect to Officer Tice is affirmed and the judgment entered on the other conviction for aggravated battery is reversed.

Affirmed in part, reversed in part.

T. MORAN and DIXON, JJ., concur.