THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSE SANCHEZ, Defendant-Appellant.

Third District   No. 76-382

Opinion filed September 16, 1977.

Mary Robinson, of State Appellate Defender's Office, of Ottawa, for appellant.

James R. Fritze, State's Attorney, of Watseka, for the People.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Jose Sanchez appeals from a conviction of battery and of resisting a peace officer following a bench trial in the Circuit Court of Iroquois County. The trial court sentenced defendant to a term of 9 months imprisonment with the Department of Corrections on both the battery and resisting a peace officer charges, with each of the two 9 months sentences to be served concurrently.

The only issue raised on appeal is whether the trial court erred in

entering a judgment of conviction and a sentence on both the battery and the charge of resisting a peace officer. Defendant contends that a judgment of conviction should have been entered only on one of the offenses since, defendant asserted, they arose from the same course of conduct and a single motivation.

The record in the cause showed that a State trooper named Courtney received a dispatch to be on the lookout for a certain automobile which he located driving out of a field. He pursued the automobile in his car and the automobile stopped. Defendant Sanchez left the driver's door and began walking toward Courtney's squad car. Courtney asked Sanchez for his driver's license. Sanchez replied that he did not have a license. Courtney told him to place his hands on the squad car but Sanchez ignored the order and started walking back to his car. Courtney took him by the arm and drew him back and repeated the order. Sanchez refused and Courtney told him he was under arrest and Sanchez began struggling with him. The brother of defendant tried to pull Sanchez away from Courtney. Sanchez kept wrestling with Courtney until finally Courtney was able to get handcuffs on him. While Courtney was placing handcuffs on the remaining two parties who were in the automobile with Jose Sanchez, he noticed his squad car rolling toward him. Courtney jumped into the car and saw that defendant had his feet up above the console in the direction of the driver's seat. Courtney then made a request for a cage car to transport Sanchez to the county jail.

A deputy named Stonestreet arrived with the cage car and he attempted to place Sanchez in the rear seat. Sanchez resisted and kicked Courtney (in the shins) who suffered minor bruises and pain as a result. Eventually, officers took belts and strapped Sanchez' ankles and knees. Deputy Stonestreet then had him in his car and began the 19-mile trip to Watseka. Trooper Courtney preceded him in his squad car with the other two persons who were arrested. On three occasions on the trip to Watseka, Stonestreet had to stop the car to subdue the defendant. At one point, Jose Sanchez managed to roll the window down and got his body from his head to his waist out of the car. Just as Stonestreet's car came into Watseka, defendant got the door open causing a third interruption of the journey. Eventually, the defendant was delivered to the county jail.

As we have noted, defendant was found guilty by the trial court on both counts of the complaint and entered judgments of conviction on both the battery and resisting a peace officer charge and sentenced defendant to concurrent terms of 9 months imprisonment on each charge. Defendant contends that the separate charges arose from the same course of conduct and a single motivation and that judgment should not be entered on two charges but only on one charge, citing *People v. Lilly* (1974), 56 Ill. 2d 493, 309 N.E.2d 1, and *People v. Smice* (2d Dist. 1975), 33

Ill. App. 3d 674, 338 N.E.2d 213. The *Smice* case involved the entry of judgments of conviction on two charges of aggravated battery and in that case the appellate court considered the acts part of a single transaction which were not independently motivated or otherwise separable.

In the instant case, count I charged that defendant kicked Trooper Courtney causing Courtney bodily harm. Count II charged that defendant resisted Deputy Sheriff Stonestreet's transportation and arrest of defendant and that he kicked, fought and tried to escape from Stonestreet. Each of the charges specified separate acts and neither was specifically a lesser included offense of the other.

In the recent decision of the supreme court of this State in the case of *People v. King* (1977), 66 Ill. 2d 551, 363 N.E.2d 838, it was noted that in many cases the dual standards for determining when multiple convictions and concurrent sentences are permissible have brought about confusing, illogical and inconsistent results. The supreme court, therefore, expressly rejected the "independent motivation" test as a standard for determining whether multiple convictions and concurrent sentences are permissible. The court then went on to determine that the rejection of that test is limited solely to concurrent sentences.

The supreme court in the *King* case observed specifically:

"Prejudice results to the defendant only in those instances where more than one offense is carved from the same physical act. Prejudice, with regard to multiple acts, exists only when the defendant is convicted of more than one offense, some of which are, by definition, lesser included offenses. Multiple convictions and concurrent sentences should be permitted in all other cases where a defendant has committed several acts, despite the interrelationship of those acts. 'Act,' when used in this sense, is intended to mean any overt or outward manifestation which will support a different offense." (66 Ill. 2d 551, 566.)

The court then concluded that when more than one offense arises from a series of incidental or closely related acts "and the offenses are not by definition, lesser included offenses, convictions with concurrent sentences can be entered."

When we apply the doctrine enunciated in the *King* case, and recognize the precedents based upon independent motivation and similar analysis in recent current cases in the appellate and supreme courts are not now binding and that the precedent in the *King* case should be followed, we determine that the convictions and the sentences imposed in the instant case were proper. Battery as to Officer Courtney was separated in time and as to the person involved, from the escape attempt involving Deputy Stonestreet. While there may have been a similar motivation of seeking to escape in both instances, on the *King* precedent, we note that the offenses

actually were separate acts, each requiring proof of a different element and that the convictions therefore were proper.

We make the observation, which was emphasized also in the *King* case, that this principle would not apply to multiple convictions and *consecutive* sentences.

For the reasons stated, therefore, the judgments and sentences imposed by the Circuit Court of Iroquois County are affirmed.

Judgments and sentences affirmed.

BARRY and SCOTT, JJ., concur.