THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOSEPH APPOLD (Impleaded), Defendant-Appellant.

Fourth District   No. 13458

Opinion filed July 1, 1976.

Richard J. Wilson and Barbara Chasnoff, both of State Appellate Defender's Office, of Springfield, for appellant.

James R. Burgess, Jr., State's Attorney, of Urbana (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction of armed robbery, burglary and aggravated battery by jury trial and the concurrent sentences of 5 to 15 years, 5 to 15 years, and 3 to 10 years respectively imposed.

Upon appeal defendant contends that the trial court erred in joining his jury trial with the bench trial of a co-defendant, Allen, and that he was erroneously convicted of multiple offenses arising out of the same conduct.

The evidence, although disputed by defendant, revealed that defendant had solicited Ricky Wilson, Steven Allen and Michael Turcott to inflict a beating on defendant's erstwhile girl friend, Elizabeth Adams. Adams permitted Allen and Turcott, who were disguised as telephone repairmen, to enter her home. She was then beaten, bound and gagged by Allen and Turcott. As they left the house Turcott took her purse and television set. Subsequently, Allen and Turcott were paid $100 by defendant.

■■ It is a general rule that persons jointly indicted for the commission of a crime may be tried together, and whether a severance should be granted is largely within the sound discretion of the trial court. The primary question is whether the defenses of the several defendants are so antagonistic that a fair trial can be assured only by a severance. (*People v.*

*Brooks*, 51 Ill. 2d 156, 281 N.E.2d 326.) At trial, defendant denied ever having solicited the commission of the offenses by Allen and Turcott. Here, defendant argues that his defense is antagonistic to that of Allen, who alleged that he was compelled by defendant to commit the offense. However, prior to testifying, defendant's motion to sever the remainder of his trial from Allen's trial was granted.

■■ The prosecution's motion to consolidate the cases of these defendants and one Wilson for trial was filed on June 4, 1974, and heard on June 17. The sole objection made by defendant to such consolidation was that Wilson had made statements implicating these defendants. Upon the representation of the State's Attorney that any reference in a statement or confession of Wilson implicating these defendants would be deleted, the court overruled the objections and granted the motion.[1] Such ruling is proper. *People v. Brooks,* 51 Ill. 2d 156, 281 N.E.2d 326; *People v. Rosenborgh,* 21 Ill. App. 3d 676, 315 N.E.2d 545.

The statute (Ill. Rev. Stat. 1973, ch. 38, par. 114—8) provides that if it appears that either a defendant or the State will be prejudiced by a joinder of related prosecutions for trial, the court may order separate trials or grant a severance. Under such statute it is held that a party asking for a severance must demonstrate how he will be prejudiced prior to trial. The issue of prejudice cannot be raised for the first time on post-trial motion. (*People v. Rhodes,* 41 Ill. 2d 494, 244 N.E.2d 145; *People v. Jackson,* 4 Ill. App. 3d 698, 281 N.E.2d 373.) A failure to move for severance prior to trial forecloses a claim of prejudice. (*People v. Rutledge,* 14 Ill. App. 3d 290, 302 N.E.2d 425.) No motion for severance of the trials of these defendants was made prior to commencement of such trial.

■■ The record shows that after the jury was selected and sworn, the co-defendant, Allen, who was tried by the court, appeared with counsel. Defendant's sole objection was that it would be prejudical to have Allen sit in the court room. The court noted that defendant was being tried upon a theory of accountability. Allen's counsel suggested that Allen's defense of compulsion was antagonistic. Defendant did not respond to, or adopt, such position or join in any motion. We have examined the proceedings upon the hearing of the post-trial motions. Defendant's argument at such post-trial motion did not include any claim of prejudice by reason of the joinder for trial.

The brief on appeal argues that the cross-examination of prosecution witnesses in behalf of Allen was prejudicial to the defendant. Here, as in *People v. Brooks,* 51 Ill. 2d 156, 281 N.E.2d 326, the brief does not identify the testimony complained of, or point out how such was prejudicial to this defendant. Our reading of the record does not disclose any testimony

---

[1] Wilson's trial was subsequently severed, apparently because he entered a plea.

suggesting any prejudice in fact. The granting of the motion to consolidate was not in error.

Defendant also claims that he should not have been convicted and sentenced on the charges of armed robbery, burglary and aggravated battery because they arose out of the same course of conduct. The State concedes that the conviction of aggravated battery cannot stand with the conviction of burglary, but they urged the affirmance of the convictions of burglary and armed robbery. We agree.

■■ The general rule is that a person may not be convicted of multiple offenses arising out of the same act or the same conduct, and that only the judgment and sentence for the most serious of the offenses may stand. (*People v. Williams*, 60 Ill. 2d 1, 322 N.E.2d 819.) Although burglary and aggravated battery involve different elements of proof and the men committed a series of acts, their unlawful entry with the intent to commit aggravated battery and the actual aggravated battery constitute two offenses arising from the same conduct involved in the beating of the victim. (See *Williams*.) Only the conviction of the most serious of the two offenses, burglary, can stand. The aggravated battery conviction must be reversed.

■■ The principle does not prohibit separate convictions for burglary and armed robbery. The motivation of the burglary was independent or otherwise separable from the robbery, which was the test applied in *People v. Stewart*, 45 Ill. 2d 310, 259 N.E.2d 24. The motivation of the burglary was the beating of Elizabeth Adams. The motivation of the armed robbery was the acquisition of property of value which could later be sold, and the acquisition of property (the TV set) which would serve as evidence to defendant that Allen and Turcott had, in fact, entered Elizabeth Adams' home.

We affirm the convictions of burglary and armed robbery, the conviction for aggravated battery is reversed, and the cause is remanded with directions to issue an amended mittimus.

Affirmed in part, reversed in part, remanded with directions.

CRAVEN and SIMKINS, JJ., concur.