THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MELISSA S. WILHOYT, Defendant-Appellant.

Third District    No. 79-493

Opinion filed August 25, 1980.

John H. Reid and Patricia L. Morris, both of State Appellate Defender's Office, of Mt. Vernon, and Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (Martin N. Ashley and Gaye Bergschneider, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Defendant, Melissa Wilhoyt, appeals from a conviction, for retail theft (Ill. Rev. Stat. 1979, ch. 38, par. 16A—3(a)), in a jury trial. Because of a long record of recidivism, she was, at the State's recommendation, sentenced to two years imprisonment in the Department of Corrections and one-year mandatory supervised release. She was 22 years old at the time of her conviction and is the mother of three children. She is currently free on appeal bond.

Defendant's sole contention on appeal is that she was deprived of a fair trial by a failure of the court to sever her trial from that of a co-defendant, Sheila Franklin. Miss Franklin, subsequent to the presentation of evidence, waived jury trial and was acquitted by the trial court.

On March 9, 1978, the defendant and Sheila Franklin were observed by Larry Goetz, general merchandise manager of the J. C. Penney store in Kankakee. Mr. Goetz testified that he observed a black woman (Miss Franklin), carrying a brown purse, and a white woman (Miss Wilhoyt), carrying a black purse, enter the Penney store. They aroused his suspicion because the purses they carried were both very large and gave the appearance of being empty. The two women were in close proximity to one another, and he observed their mouths move, as though they were speaking to one another. They then separated. Mr. Goetz noticed that the brown purse was now in a shopping cart being pushed by the defendant, Miss Wilhoyt. He observed the defendant pick up a brown, imitation leather coat and place it over the front of the shopping cart. The defendant then moved out of his sight. When she returned to a location visible to Mr. Goetz, he could no longer see the coat. He emerged from his place of observation, an elevated platform behind a false wall, and went to the racks to look for the coat. He could not find it.

The defendant and Miss Franklin then met at the front of the store. They walked past the cash register nearest the door. Mr. Goetz stopped them about 10 to 15 feet from the door and demanded to look inside the brown purse. He did so and found the coat stuffed inside of it. Both of the women were arrested. The coat had been priced for sale at $39.

Miss Wilhoyt and Miss Franklin were tried together. The judge noted that Miss Franklin had made the statement that if anybody stole anything it was Miss Wilhoyt, and he appointed separate counsel. Miss Franklin was represented by a public defender, and Miss Wilhoyt was represented by appointed counsel of her own choosing.

Prior to trial, Miss Franklin moved for a severance of the trials. This motion is not a part of the record, so we do not know the reasoning stated therein, except by way of an oral motion to renew this motion, which is

discussed *infra*. On June 22, 1978, Miss Wilhoyt filed a written motion to extend the time for filing pretrial motions and for substitution of judges. Therein she stated "[t]hat the Defendant, Melissa Wilhoyt, wishes to file a Motion to Sever in her own behalf, in the event that the ruling of [the court] on the Motion to Reconsider [motion for severance] currently pending before [it] is decided adversely to the Defendant, Sheila Franklin." On June 28, 1978, the motion to substitute judges was granted. The question of continuance of pretrial motions, therefore, was not dealt with. On September 19, 1978, the court denied Miss Franklin's motion to sever and continued the hearing on Miss Wilhoyt's pretrial motions until October 2. Miss Willhoyt's counsel indicated that he thought that was "fair." On October 2, Miss Wilhoyt, joined by Miss Franklin, moved for a bill of particulars. No other motion was made at that hearing. The cause was then continued until October 26. On November 14, 1978, the State moved for a continuance. A controversy then arose over whether the granting of same was a violation of the two defendants' right to a speedy trial. In attempting to determine whether either of the defendants had moved for a continuance, thereby tolling the statute, Miss Wilhoyt's attorney said, "I filed a motion—I remember that I filed a motion to continue the time for filing pretrial motions until the Court ruled on [Miss Franklin's] motion to sever. * * * Whatever became of that thing, Judge?" The court responded, "I denied it." On February 5, 1979, Miss Franklin's attorney renewed his motion for a severance. His stated reason was that he expected Miss Wilhoyt to be prosecuted through direct evidence, whereas the evidence against Miss Franklin was, in his words, circumstantial. Therefore, a different standard of proof should apply to the two defendants. Trying them together would prejudice his client. This motion was denied. After the disposition of other motions not relevant to this appeal, the cause proceeded to trial on February 6 and 7.

During his opening statement, Miss Franklin's counsel asked the jury to distinguish the actions of Miss Franklin and Miss Wilhoyt and to refrain from finding his client guilty "by association." He stated that the State intended to show that Melissa Wilhoyt, after separating from his client, pushed a shopping cart to the back of the store and placed a coat in it; later, this coat was found by Mr. Goetz in Melissa Wilhoyt's purse as she was "pushing the cart out the front of the store." Miss Wilhoyt's counsel never objected to any of this opening statement and never moved for a mistrial. He made no opening statement of his own.

During the State's examination of its principal witness, Larry Goetz, Miss Franklin's attorney offered "to stipulate that unfortunately my client, Sheila Franklin, was in the store the same time Melissa Wilhoyt was." Miss Wilhoyt's counsel objected, saying, "That remains to be seen yet whether it

was fortunate or unfortunate." The court sustained the objection and instructed the jury to "disregard the remarks by [Miss Franklin's attorney] as to the circumstances of his client being in the store." Upon cross-examination of Mr. Goetz, Miss Franklin's attorney was careful to point out that Mr. Goetz was sloppy in his use of the pronoun "they" in reference to the events of March 9, 1978, and elicited from Mr. Goetz the testimony that it was Melissa Wilhoyt alone who was pushing a shopping cart in which the purse containing the coat was found. Miss Wilhoyt's counsel did not object to this line of questioning.

After the State rested, Miss Wilhoyt's attorney moved for a mistrial because evidence of a prior conviction had been introduced. The court denied this motion and asked if there were any other motions, to which Miss Wilhoyt's attorney responded, "No."

Before the final arguments, Miss Franklin rescinded her demand for a jury trial and asked to be tried by the court. This request was granted. Therefore, no argument before the jury was made on her behalf.

The retail theft statute states that if a person conceals merchandise upon his person and transports it past the last known station for receiving payment, such person will be presumed to have carried away the merchandise with the intention of permanently depriving the merchant of it. (Ill. Rev. Stat. 1979, ch. 38, par. 16A—4.) The final argument of Miss Wilhoyt's attorney was that the State, unable to prove Miss Wilhoyt's actual intent, depended upon this presumption to convict her. The State, he argued, had failed to prove beyond a reasonable doubt that Miss Wilhoyt had passed the last known station for receiving payment, as the cash registers in the Penney store were scattered throughout the store. Counsel argued that the State, therefore, had not proven the necessary intent.

The jury found Miss Wilhoyt guilty as charged. The court found Miss Franklin not guilty.

Miss Wilhoyt filed post-trial motions for a new trial and for judgment *non obstante verdicto*, asserting therein:

"* * * That the Court committed reversible error in failing to allow the Motion to Sever heretofore filed and denied in the subject case.

* * *

That prejudicial and reversible error was committed in allowing the Attorney for the Co-Defendant, Sheila Franklin, in his Opening Statement, to indicate to the Jury that, while the evidence would show that his client was Not Guilty, the same evidence would indicate that the Co-Defendant, Melissa Wilhoyt, was in fact Guilty."

Miss Wilhoyt's sole contention on appeal is that she was deprived of a fair trial because the court failed to sever her case from that of Miss

Franklin. It is conceded by Miss Wilhoyt that no motion for severance was ever actually filed on her behalf.

In reference to the post-trial motions, we first note that the defendant is incorrect in characterizing her co-defendant's opening statement as indicating to the jury that the State's evidence would prove Melissa Wilhoyt guilty. While the opening statement of Miss Franklin's attorney did outline the facts to which the State's witness, Mr. Goetz, would testify, counsel never made the statement that these facts would show Miss Wilhoyt to be guilty of the crime charged. Miss Wilhoyt did not object to this opening statement, nor did she move for a mistrial after it. The jury was instructed that opening statements are not evidence.

The Illinois Code of Criminal Procedure, under title V (proceedings prior to trial), article 114 (pre-trial motions), provides that "[i]f it appears that a defendant or the State is prejudiced by a joinder of related prosecutions * * * the court may order separate trials [or] grant a severance." (Ill. Rev. Stat. 1979, ch. 38, par. 114—8.) "Under such statute it is held that a party asking for a severance must demonstrate how he will be prejudiced prior to trial. The issue of prejudice cannot be raised for the first time on post-trial motion. [Citation.]" *People v. Appold* (1976), 39 Ill. App. 3d 814, 816, 350 N.E.2d 511.

■■ Miss Wilhoyt asserts in her post-trial motion that the court erred in "failing to allow the motion to sever theretofore filed." However, she never filed such a motion to sever. The only motion to sever ever filed in this case was filed by Miss Franklin. As we have stated, the record contains an oral explanation for this motion, delivered on February 5, 1979. This explanation in no way indicated that a failure to grant a severance would result in prejudice to Miss Wilhoyt. Therefore, Miss Wilhoyt has no standing to assert for the first time, on post-trial motion, reversible error in the court's denial of a severance to Miss Franklin. See *People v. Montgomery* (1974), 18 Ill. App. 3d 828, 832, 310 N.E.2d 760.

■■ As no motion to sever was ever made by Miss Wilhoyt, we can only conclude that Miss Wilhoyt is now asserting the commission of plain error by the trial court for its failure to effect a severance *sua sponte* after the statements and cross-examination by Miss Franklin's counsel, to which, as we have indicated, she did not object at trial. Our supreme court has, however, stated that "if the court would have declared a mistrial or severed the cases and declared a mistrial as to one defendant only, without a motion requesting that result, some serious double jeopardy questions would have been created." (*People v. Precup* (1978), 73 Ill. 2d 7, 15, 382 N.E.2d 227.) Therefore, we find no reversible error in the trial court's action.

We would add that Miss Wilhoyt may have failed to move for a severance pretrial or for a mistrial for purposes of severance after the

statement and cross-examination by Miss Franklin's counsel, because these words did not impinge upon her ability to present her defense. While Miss Franklin's counsel did elicit a restatement of the testimony of Mr. Goetz, the observations of Mr. Goetz were never in dispute. Miss Wilhoyt's sole contention at trial was that Mr. Goetz' surmise, that she had passed the last point of payment with the intention of keeping the goods, was simply not proven. On the record, the defendant, we conclude, was not deprived of a fair trial.

For the reasons indicated, the judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.